Allen, J.
 

 The legal question of substance presented by this record is whether Courts of Appeals in this state have jurisdiction to reverse divorce decrees upon the weight of the evidence. Article IF, Section 6, of the Ohio Constitution, provides:
 

 “ * * * The Court of Appeals shall have original jurisdiction in quo warranto, mandamus, habeas corpus, prohibition and procedendo, and appellate jurisdiction in the trial of chancery cases,
 
 *526
 
 and, to review, affirm, modify, or reverse the judgments of the court of common pleas, superior court and other courts of record within the district as may be provided by law * * *.”
 

 The same article of the Constitution recognizes-the right of Courts of Appeals, within their respective districts, under this constitutional jurisdiction, to reverse on the weight of the evidence, for it provides :
 

 “No judgment of a court of common pleas * * * shall be reversed except by the concurrence of all the judges of the Court of Appeals on the weight of evidence, and by a majority of such. Court of Appeals upon other questions * * *.”
 

 But the specific question before us is whether a divorce decree is reversible upon the weight of the evidence.
 

 There was in the past a distinction between judgments and decrees, the term “judgment” being properly applied to the judicial decision and final determination of the rights of the parties in an action at law, and the term “decree” being applied to the judicial decision and final determination of the rights of the parties in an equitable action.
 

 Does the decree in question constitute a judgment? It makes findings upon the jurisdictional facts alleged in the pleadings, finds upon the evidence adduced that the defendant has been guilty of willful absence for more than three years prior to the time of filing the petition, and grants the plaintiff a divorce as prayed for. It then orders and adjudges that the marriage contract between the parties be dissolved, that the plaintiff pay the-defendant certain alimony in lieu of property set
 
 *527
 
 tlement, and bars the parties from dower rights in the real property of each other.
 

 Certainly this decree contains every element of a judgment. The court of common pleas had jurisdiction of the action and of the parties, and the decree embodied the final determination of that court of the rights of the parties upon all the matters presented by the record, and hence the Court of Appeals had jurisdiction to reverse the decree, just as any other kind of judgment, under the constitutional provision as above cited.
 

 Moreover, if any vital distinction ever had existed between decrees in a divorce court and ordinary legal and equitable judgments, so far as the jurisdiction of the Court of Appeals is concerned it has been completely wiped out by the adjudication of this court in the cases of
 
 Cox
 
 v.
 
 Cox,
 
 104 Ohio St., 611, 136 N. E., 823, and
 
 Chandler Taylor Co.
 
 v.
 
 Southern Pacific Co.,
 
 104 Ohio St., 188, 135 N. E., 620. The first paragraph of the syllabus in the
 
 Chandler case
 
 reads as follows:
 

 “1. Such interpretation must be given a provision of the Constitution as will promote the object of the people in adopting it, and narrow and technical definitions of particular words should be avoided. In obedience to this rule the term 'judgments’ appearing in Section 6, Article IY, of the Constitution as amended in 1912, is used in its broad and generally accepted meaning and not in that restricted meaning formerly given it by the Legislature in Section 11582, General Code. The term comprehends all decrees and final orders rendered by a court of competent jurisdiction and
 
 *528
 
 which determine the rights of parties affected thereby.”
 

 The plaintiff in error contends, however, that no procedure is provided for review in divorce cases, that divorce cases constitute a class by themselves, and that the general provisions for review are not available in such actions. He grounds a careful and ingenious argument upon the proposition that neither the Constitution nor the judicial decisions provide procedure for, reviewing a divorce case, that the divorce chapter contains no provision for error proceedings and no provision for filing a motion for new trial, and urges that Section 11576 of the G-eneral Code, which provides for the granting of new trial by the trial court, does not relate to divorce decrees.
 

 That certain special statutory provisions do govern in divorce cases alone is an elementary proposition of law, and also it is elementary that matrimonial actions are neither in a precise sense actions at law nor suits in equity, but are statutory actions in which both jurisdiction and practice depend on the statute. However, it is the general rule that where the statute is silent, practice usually follows the rule in equity (19 Corpus Juris, page 22, Section 23), under which rule the contention of plaintiff in error would be overruled.
 

 •Since the enactment of Article IY, Section 6, of the Constitution, in its present form, and since the interpretation of that article by this court in various adjudications relating to divorce actions, we feel that the specific question here presented is no longer open, and that we are not compelled to resort to the rules of general divorce practice in other
 
 *529
 
 states to sustain our position. Plaintiff in error’s entire contention falls because judicial decisions dc exist providing procedure for the review of a divorce case.
 

 In the case of
 
 Cox
 
 v.
 
 Cox, supra,
 
 and in
 
 Zonars
 
 v.
 
 Zonars,
 
 101 Ohio St., 518, 130 N. E., 943, this court reversed judgments of Courts of Appeals, which held that that court had no jurisdiction to review divorce actions, and remanded these causes to the Courts of Appeals in question, with instructions to consider the petition in error and bill of exceptions. These mandates certainly carried with them the instruction to examine the records for every error of law set forth therein over which Courts of Appeals were given jurisdiction under the Constitution.
 

 Moreover, in the
 
 Zonars case,
 
 the exact question presented upon this record was made. A decree was granted to the plaintiff on the ground of extreme cruelty, and the marriage contract was dissolved. This decree was filed upon March 20, 1919, and upon April 2, 1919, the trial court vacated the divorce judgment and permitted the defendant, for good cause shown, to file her motion for new trial as of date of March 3, 1919. Upon April 3, 1919, the court heard the defendant’s motion for new trial and overruled the motion, granted a decree to the plaintiff upon the ground of extreme cruelty, and dissolved the marriage contract. The plaintiff later moved to strike from the files the motion to vacate and set aside the judgment entry of March 20, 1919, the entry sustaining the motion and the motion for new trial filed in the action, and the entry overruling the motions for new trial, which
 
 *530
 
 motion was overruled. The plaintiff in error then filed a petition in error in which it was specifically-set up that the finding and judgment of the trial court were against the weight of the evidence and not sustained by such evidence, and were contrary to law. A motion to dismiss the petition in error was then filed, upon the ground that the Court of Appeals has not jurisdiction over an action of divorce on appeal or error, and also upon the ground that it is not within the power or discretion of the court of common pleas to allow the filing of a motion for a new trial in an action for divorce after the statutory time of three days from the rendition of the judgment of filing of the decree has expired. ■ The Court of Appeals granted the motion to dismiss upon the ground that it was without jurisdiction to hear the case. The plaintiff in error then filed a petition in error in this court, the sixth ground of which was:
 

 “That the finding and judgment of said court is against the weight of the evidence, and is not sustained by said evidence and is contrary to law.”
 

 In other words, the record in the
 
 Zonars case
 
 presented the question of the right to file a motion for new trial in divorce cases, and likewise the question of review of the weight of the evidence. If a motion for new trial had not been made and overruled in the trial court, the weight of the evidence could not have been considered by the Court of Appeals. That was the only way in which that particular question could be raised on thé record. And when this court ordered the Court of Appeals to consider the petition.in error in the
 
 Zonars case,
 
 it certainly ordered it to examine the record for
 
 *531
 
 every error set up therein, including the alleged error that the judgment was against the weight of the evidence.
 

 In the
 
 Zonars case
 
 this court manifestly held that the constitutional jurisdiction of the Courts of Appeals. in divorce cases compelled the application of Section 11576, General Code, to divorce judgments, and required the consideration by the Court of Appeals of the question of the weight of the evidence.
 

 A motion for new trial was duly made and overruled in the instant case, and hence the question of the weight of the evidence was properly before the Court of Appeals so far as saving that question in the record was concerned.
 

 In view of the express provision of the Constitution, Article IV", Section 6, which makes no exception in classes of judgments, and makes no classification of errors of law for which judgments may be reversed, and bearing in mind the decisions cited above, we are constrained to overrule the contention of the plaintiff in error and to affirm the judgment of the Court of Appeals.
 

 Judgment
 
 affirmed.
 

 Marshall, 0. J., Day, Kinkade, Robinson, Jones and Matthias, JJ., concur.