Matthias, J.
 

 It is to be observed that the trial court found that “the allegations of plaintiff’s petition, as relates to divorce, are not sustained by the evidence.”
 

 The primary question presented is whether the Court of Appeals, upon this record, is authorized to render a final judgment in such case, where the weight of the evidence is involved. That court found error apparent on the record wherein the trial court “finds said cross-petitioner not entitled to divorce”, and then proceeded to consider the whole case as should the trial court, and as fully as it would a case properly before it upon appeal.
 

 Without any further announced finding relative to the matter of divorce, the court ordered, adjudged and decreed a dissolution of the marriage contract.
 

 Complete jurisdiction has been conferred upon the Court of Appeals to review and reverse a decree of divorce upon the ground that it is contrary to the weight of the evidence. That was definitely determined in the case of
 
 Weeden
 
 v.
 
 Weeden,
 
 116 Ohio St., 524, 156 N. E., 908. There is no reason for any dis
 
 *593
 
 tinction upon the question of jurisdiction between that case and the instant case because of the fact that in the one the court had granted the divorce while in the other the court had denied the application for divorce, although the argument is very potent that in cases involving the marriage relation the opportunity of seeing and hearing the witnesses is of greater importance than in any other class of cases, and that a reviewing court should be precluded from disturbing the denial of a divorce by the trial court.
 

 Our question is only whether the Court of Appeals wasi authorized in this case to render final judgment— granting a divorce.
 

 The cross-petition in error filed in the Court of Appeals in this case sets out, among other assignments of error, that the “decree * * is not sustained by sufficient evidence”, and “is against the weight of the evidence. ’
 
 *
 

 The primary relief sought in this action was the dissolution of the marriage relation, the granting of divorce; all else was incidental thereto. In view of the disclosures by the record, it can not well be urged that, notwithstanding the recital, or rather lack of statement, of grounds of reversal in the journal entry, the final judgment of the court was based upon a finding that there was no conflict in the evidence or that the evidence disclosed by the record, as a matter of law, made a case warranting and requiring the issuance of a divorce decree.
 

 As a practical proposition it is difficult to conceive of a contested divorce case in which it does not become necessary to weigh the evidence, or in which a decision thereof does not turn upon the weight of the evidence. We deem it sufficient to say that the record in this case is not such as to take it out of the general rule applicable to cases of domestic infelicity.
 

 Having arrived at its conclusion, it was manifestly the duty of the Court of Appeals not to render final
 
 *594
 
 judgment awarding a divorce, but to remand the case to the Court of Common Pleas.
 
 Bridgeport Bank Co.
 
 v.
 
 Shadyside Coal Co.,
 
 121 Ohio St., 544, 170 N. E., 358.
 

 The action taken was not a modification of the judgment as that term is used in Article IV, Section 6, of the state Constitution. “Modify” and “reverse”, terms therein employed,- are distinguishable. This order was in fact a reversal of the divorce decree, or rather the judgment wherein a decree of divorce was denied, the matter essentially in controversy, to which other questions were only incidental.
 

 We do not, of course, enter upon a consideration of the weight of the evidence. Hence we cannot do otherwise than affirm the judgment of the court wherein it reverses the judgment of the Court of Common Pleas ; but, for the reasons above stated, we do reverse the action of the Court of Appeals wherein it rendered final judgment upon the cross-petition in error instead of remanding the case for further consideration and action by the Court of Common Pleas.
 

 In view of this order, other questions presented need not be discussed.
 

 Judgment reversed.
 

 Weygandt, C. J., Stephenson, Jones, Bevis, Zimmerman and Wilkin, JJ., concur.