Taft, J.
It is apparent that the judgment of the Court of Appeals gives to plaintiff property and money having a value, according to her argument, of $383,000 in place of property and money having a value of not to exceed $81,000. The undisturbed portion of the judgment of the Common Pleas Court gave to plaintiff property having a relatively insignificant value. If, therefore, the judgment of the Court of Appeals can be called merely a modification of the judgment of the Common Pleas Court, it certainly represents a very substantial modification. In effect, to treat it as a modification would be to regard the words “modification” and “substitution” as synonymous. See Smith v. Ray, Supt., 149 Ohio St., 394, 79 N. E. (2d), 116.
Plaintiff’s right to the' provision of money and property, made for her by the judgments of the Common Pleas Court and the Court of Appeals, must be based upon Sections 11990 and 11991, General Code.* Those statutes appeared in the General Code under Title IV, entitled Procedure in Common Pleas Court, Division VII, entitled Special Actions, and Chapter 3, entitled Divorce and Alimony. They read so far as material:
“When a divorce is granted because of the husband’s aggression, the court shall * * * allow such alimony out of her husband’s property as it deems reasonable, having due regard to property which came to him by marriage and the value of his real and personal estate at the time of the divorce. ’ ’
*323 “Such alimony may be allowed in real or personal property, or both, or by decreeing to her snch sum of money, payable either in gross or installments, as the court deems equitable.”
Section 4 of Article IY of the Constitution provides: “The jurisdiction of the Courts of Common Pleas, and of the judges thereof, shall be fixed by law.”
It is clear, therefore, that the Common Pleas Court has been given the power to determine what should be allowed to plaintiff as alimony out of her husband’s property. In determining that, the General Assembly has specified that the allowance by that court should be such “as it deems reasonable, having due regard to property which came to him by marriage and the value of his real and personal estate at the time of the divorce.’’ In view of the words “as it deems reasonable, having due regard,” etc., it is apparent that the General Assembly intended the Common Pleas Court to consider the circumstances making such an allowance necessary. In an aggravated case of aggression by the husband, this might justify or even require extreme liberality to the wife. However, if there are extenuating circumstances in favor of the husband, such extreme liberality to the wife might not be justified even though she was clearly entitled to a divorce because of aggression of the husband. See 17 American Jurisprudence, 471, Section 603. In other words, a decision by the Common Pleas Court on such a problem requires a full consideration of all the facts and circumstances of the particular case and the exercise of a very considerable amount of discretion. See 17 American Jurisprudence, 467, Section 596.
Por example, in the instant case, there is much evidence which tends to support the position of the plaintiff. On the other hand, the defendant testified to facts which indicate some justification for his misconduct; and it is emphasized in the plaintiff’s brief that
*324 “neither of the parties contradicted any of the testimony of the other.” Furthermore, the record discloses that plaintiff had substantial property and income, other than that provided for her by the judgments of either the Common Pleas Court or the Court of Appeals, the existence of which should be considered as a factor by the Common Pleas Court in determining what it deems reasonable as an allowance of alimony to her. See 17 American Jurisprudence, 467, Section 597.
We do not believe that the evidence in this case is such as to require as a matter of law an allowance to plaintiff as alimony of as much property and money as is specifically allotted to plaintiff by the judgment of the Court of Appeals.
In paragraph eight of the syllabus in State, ex rel. Squire, Supt., v. City of Cleveland, 150 Ohio St., 303, 82 N. E. (2d), 709, it is stated:
“Where the evidence in a case is conflicting or where reasonable minds might differ as to the inferences to be drawn therefrom, both the trial court and the Court of Appeals are authorized and required upon motion to weigh the evidence, but in such a situation the Court of Appeals on an appeal on questions of law cannot as a matter of law find the facts otherwise than as found by the trier of the facts. In such a situation the sole function of the Court of Appeals is to weigh the evidence and either affirm the finding of the trier of the facts or, if such finding be against the weight of the evidence, set it aside and remand for a new trial.”
See, also, In re Estate of Murnan, 151 Ohio St., 529, 87 N. E. (2d), 84; Bishop v. East Ohio Gas Co., 143 Ohio St., 541, 56 N. E. (2d), 164; In re Estate of Johnson, 142 Ohio St., 49, 49 N. E. (2d), 950; Campbell v. Campbell, 128 Ohio St., 590, 193 N. E., 405.
Plaintiff argues that, under Section 6 of Article IV *325 of the Constitution of 1912 (see Youngstown Municipal Ry. Co. v. City of Youngstown, 147 Ohio St., 221, 70 N. E. [2d], 649, and Meyer v. Meyer, 153 Ohio St., 408, 414, 91 N. E. [2d], 892) and Section 11364, General Code, the modification of the judgment of the Common Pleas Court made by the Court of Appeals was justified.
In our opinion, however, where a judgment of the Common Pleas Court depends upon the evidence and inferences to be drawn therefrom, then on an appeal on questions of law only, the Court of Appeals is ordinarily authorized to modify that judgment only where the evidence is such as to require such modification as a matter of law. For example, if the evidence is such as to require judgment for one of the parties as a matter of law, the Court of Appeals may render final judgment for that party, notwithstanding a contrary judgment by the Common Pleas Court. Hamden Lodge v. Ohio Fuel Gas Co., 127 Ohio St., 469, 189 N. E., 246. Of course, a party’s consent may prevent him from questioning a modification of a judgment by the Court of Appeals although such modification would not otherwise be authorized. See Markota v. East Ohio Gas Co., 154 Ohio St., 546, 553 et seq., 97 N. E. (2d), 13. However, we do not have any consent of defendant to the modification made in the instant case.
The opinion and decision of the Court of Appeals in the instant case (59 Ohio Law Abs., 494, 100 N. E. [2d], 283) clearly indicate that that court unanimously concluded that the judgment of the Common Pleas Court as to alimony was against the weight of the evidence. Since this court does not ordinarily weigh the evidence, we are not required to and do not intend to indicate any approval or disapproval of that conclusion by the Court of Appeals. Instead of remanding this cause to the Court of Appeals, the cause is re *326 manded to the Common Pleas Court for further proceedings, as if it had been remanded by the Court of Appeals on the weight of the evidence.

Judgment reversed.

Weygandt, C. J., Zimmerman, Stewart, Middleton, Matthias and Hart, JJ., concur.

 Now replaced by Sections 8003-17 and 8003-19, General Code.