**DAVIS, Plaintiff-Appellant, v. DAVIS, Defendant-Appellee.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 24669.    Decided April 16, 1959.

Florence H. Goodman, Diehm & Farber, for plaintiff-appellant.
M. A. Picciano, Miriam J. Fingerhut, for defendant-appellee.

### OPINION

Per CURIAM:

Where, in an action for divorce, alimony, custody and support of children, a narrative Bill of Exceptions sets out all witnesses in the order

in which they testified at the trial of the case and presents the testimony, in substance, of each, both on direct examination as well as on cross-examination, and the Bill of Exceptions makes reference to and identifies all exhibits introduced in evidence at the trial but does not have attached to it the exhibits bearing on the finances and the property of the couple, and the trial court certifies that it received the Bill of Exceptions with all objections and amendments and signs the same with the annotation "Upon due consideration of the same and the objections and amendments thereto, the said bill of exceptions is hereby allowed and signed by the court," a reviewing court has the right to conclude that all the evidence with respect to the issue of divorce is contained therein and that it is required to pass on an assignment of error claiming that the judgment "was against the manifest weight of the evidence."

Upon a careful reading of the Bill of Exceptions, we hold that the judgment of the trial court denying a divorce to the plaintiff-appellant was contrary to the weight of the evidence. **Weeden v. Weeden, 116 Oh St 524.**

The assignment of error claiming "irregularity of the proceedings of the court by which the appellant was prevented from having a fair trial in that the hearing was not held on consecutive court days but was held on parts of six days extending over a period of 106 days in two terms of court" is overruled for the reason that the record discloses no objection to such proceedings by the appellant, which, in effect, constituted a waiver of the infringement, if any, of her constitutional rights and forecloses the consideration of the same, first raised, on appeal.

Accordingly, judgment is reversed as contrary to the weight of the evidence and cause remanded for further proceedings according to law. Exceptions.

HURD, PJ, KOVACHY and SKEEL, JJ, concur.