Takt, J.
 

 From the foregoing statement of facts, it appears that the notice of appeal designates the judgment appealed from as rendered on April 2, 1949. The record discloses that only one judgment was rendered by the Court of Appeals in the instant case during April 1949. That judgment was rendered on April 5. Under such circumstances, this court may and is required to permit amendment of the notice of appeal so that it will designate the judgment of April 5 as the one appealed from.
 
 Mosey
 
 v.
 
 Hiestand, Trustee,
 
 138 Ohio St., 249, 34 N. E. (2d), 210;
 
 Couk
 
 v.
 
 Ocean Accident & Guarantee Corp., Ltd.,
 
 138 Ohio St., 110, 33 N. E. (2d), 9. See
 
 Capital Loan & Savings Co.
 
 v.
 
 Biery,
 
 134 Ohio St., 333, 16 N. E. (2d), 450;
 
 In re Guardianship of Wisner,
 
 148 Ohio St., 31, 37, 38, 72 N. E. (2d), 374. But, compare
 
 Zier
 
 v.
 
 Bureau of Unemployment Compensation,
 
 151 Ohio St., 123, 84 N. E. (2d), 746.
 

 Appellant argues that, in dismissing his appeal as one on questions of law and fact, the Court of Appeals erred because either (1) it was a chancery case, or (2) such an appeal is authorized by Section 12002, General Code.
 

 
 *414
 
 In
 
 Youngstown Municipal Ry. Co.
 
 v.
 
 City of Youngstown,
 
 147 Ohio St., 221, 70 N. E. (2d), 649, the syllabus reads:
 

 “1.
 
 Section 6 of Article IV of the Constitution of Ohio, as amended November 7, 1944, empowers but does not require the General Assembly to change the appellate jurisdiction of the Courts of Appeals.
 

 “2.
 
 Unless and until there is such legislative action, the appellate jurisdiction of the Courts of Appeals remains as it was at the time the amendment was adopted. ’ ’
 

 Although the writer of this opinion does not agree with the conclusion stated in the second paragraph of that syllabus, a majority of the members of this court adhere thereto.
 

 It is necessary, therefore, to consider whether the instant case is a chancery case. Mr. Meyer’s claim, that the instant case is a chancery case, is based upon the contentions that the separation agreement between Mr. and Mrs. Meyer would bar any claim by Mrs. Meyer for alimony until that agreement was set aside, and that it was necessary, therefore, for Mrs. Meyer to call upon the equity powers of the court before she could assert her cause of action for alimony.
 

 Here, if the terms of the separation agreement are enforced, they would bar Mrs. Meyer’s action for alimony. Unless that agreement is void, Mrs. Meyer could not assert her claim for alimony until that separation agreement was set aside or otherwise avoided.
 
 Perry
 
 v.
 
 M. O’Neill & Co.,
 
 78 Ohio St., 200, 84 N. E., 41. Therefore, if the agreement is not void and if it is necessary for Mrs. Meyer to seek equitable relief to avoid it or set it aside, then the instant case is a chancery case. See
 
 Nordin
 
 v.
 
 Coulton,
 
 142 Ohio St., 277, 51 N. E. (2d), 717. On the other hand, if the agreement is void or if it is necessary for Mr. Meyer to seek court approval of it before enforcing it,
 
 *415
 
 then the instant case is not a chancery case. On the record in the instant case, there is no basis for considering the separation agreement void on what has sometimes been referred to as “fraud in the factum.” See
 
 Picklesimer
 
 v.
 
 Baltimore & O. Rd. Co.,
 
 151 Ohio St., 1, 3, 84 N. E. (2d), 214.
 

 Mrs. Meyer argues that, by reason of Sections 7999 and 8000, General Code, the separation agreement either is void or is unenforcible until a court has determined that it is fair as between the parties. Those sections of the Code read:
 

 Section 7999. “A husband or wife may enter into any agreement or transaction with the other, or with any other person, which either might if unmarried; subject, in transactions between themselves, to the general rules which control the actions of persons occupying confidential relations with each other.”
 

 Section 8000. “A husband and wife cannot by any contract with each other alter their legal relations, except that they may agree to an immediate separation, and make provisions for the support of either of them and their children during the separation.”
 

 Section 8000 limits the power of husband and wife to make a contract altering their legal relations.
 
 Du Bois
 
 v.
 
 Coen, Exr.,
 
 100 Ohio St., 17, 125 N. E., 121. However, it recognizes their power to make a contract in certain instances. Thus, on separation, they may enter into an agreement mutually releasing their respective rights to dower and distributive shares and releasing each other from claims of care, support or maintenance.
 
 Hoagland
 
 v.
 
 Hoagland,
 
 113 Ohio St., 228, 148 N. E., 585. See, also,
 
 Mendelson
 
 v.
 
 Mendelson,
 
 123 Ohio St., 11, 173 N. E., 615. It follows that a separation agreement, such as involved in the instant case, is not void by reason of the foregoing statutory provisions.
 

 Where a party to such an agreement elects to avoid
 
 *416
 
 it, on the ground of fraud or what may have the same effect (a violation of “the general rules which control the actions of persons occupying confidential relations with each other” referred to in Section 7999, General Code), such party necessarily asks for and seeks equitable relief from the provisions of the agreement. See
 
 Hoagland
 
 v.
 
 Hoagland, supra,
 
 240. Thus, it cannot be said that the separation agreement is unenforcible until a court has determined that it is fair as between the parties. Rather, it must be said that the agreement is enforcible until a court has determined that it is not fair as between the parties. While a party will be aided in securing such a determination by the words at the end of Section 7999, General Code, such party must ask for and seek equitable relief in order to secure such a determination.
 

 It has been suggested that, since Mrs. Meyer attacked the separation agreement in her reply instead of in her petition, she could prevail only if the separation agreement is void. Where a party seeks to avoid and set aside an agreement which would bar his cause of action, and which is not void, the allegations, entitling him to set aside such agreement, should ordinarily be in his petition.
 
 Perry
 
 v.
 
 M. O’Neill & Co., supra.
 
 While Mrs. Meyer here sought such relief in her reply, the allegations of the reply merely set forth at most equitable grounds for such relief. She is in no position, having sought and obtained equitable relief on the allegations of her reply in the Common Pleas Court, to claim that the court erred in giving her the relief which she sought. As to Mr. Meyer, he is in no position to contend that Mrs. Meyer is not entitled to that relief because she sought it in her reply instead of in her petition. He has waived any such right by his inconsistent position in this court, which is that plaintiff’s reply sought equitable
 
 *417
 
 relief and thereby made the instant case a chancery one.
 

 Our conclusion is that the instant case is a chancery case. It follows that, under
 
 Youngstown Municipal Ry. Co.
 
 v.
 
 City of Youngstown, supra,
 
 Mr. Meyer is entitled to a trial
 
 de novo
 
 in the Court of Appeals.
 

 Therefore, it is unnecessary for this court to consider either (a) whether Section 12002, General Code, provides for a right to a trial
 
 de novo
 
 on an appeal from a final order or judgment granting alimony or (b), if it does, whether that statute was “in force” when the 1944 amendment of Section 6 of Article IV became effective.
 

 Mr. Meyer further assigns as error that the Common Pleas Court erred in overruling his motion for judgment on the pleadings. Since the case must be remanded to the Court of Appeals for a trial
 
 de novo,
 
 that question is not before this court for decision at this time.
 

 The judgment of the Court of Appeals is reversed and the cause is remanded to that court for a trial
 
 de novo.
 

 Judgment reversed.
 

 Weygandt, C. J., Matthias, Hart, Zimmerman, Stewart and Turner, JJ., concur.