Taft, J.
This court has recognized that in certain instances, at least as between the parties thereto (cf. Gross v. Ohio Savings & Trust Co., 116 Ohio St., 230, 156 N. E., 205, with DeCamp v. Hamma, Exr., 29 Ohio St., 467), a contract may be void because of what is referred to as fraud in the factum. Perry v. M. O’Neil & Co., 78 Ohio St., 200, 210, 211, 85 N. E., 41; Picklesimer v. Baltimore & Ohio Rd. Co., 151 Ohio St., 1, 84 N. E. (2d), 214; Meyer v. Meyer, 153 Ohio St., 408, 91 N. E. (2d), 892.
On the record in the instant case, there is no basis for finding and it is not contended that there was such fraud. Further, it is not even contended that the plaintiff wife was induced by any fraud to execute the separation agreement. This was recognized by the common pleas judge in his opinion when he stated that “there is no suggestion of fraud or mistake at any stage of the proceeding.” He based his decision on the conclusions (1) that there could be no valid separation agreement which provided in effect for “nonsupport or avoidance of support or escape from the duty to support” and (2) that the separation agreement violated “the general rules governing persons in a confidential relationship.”
Although this court has recognized that what is now Section 3103.06, Revised Code, does limit the power of husband and *8 wife to make a contract altering their legal relations, it has held that “on separation, a husband and wife may enter into an agreement mutually releasing their respective rights to dower and distributive shares and releasing each other from claims for care, support or maintenance.” Meyer v. Meyer, supra (153 Ohio St., 408), paragraph two of the syllabus; Hoagland v. Hoagland, 113 Ohio St., 228, 148 N. E., 585. There is therefore no justification for the conclusion of the trial court that the separation agreement involved in the instant case should be disregarded merely because it has no provision for the future support of either the plaintiff wife or the. defendant husband.
In effect, as indicated by his opinion, the position of the common pleas judge with respect to his conclusion, that the separation agreement violates the general rules governing persons in a confidential relationship, was that such a violation could exist merely because the wife was to have custody of their child and the husband and wife had attempted to release all obligations of future support for the wife regardless of future consequences or events.
Such a position is contrary to the reasoning advanced in the opinion by Hart, J., in support of the decision rendered in Tullis v. Tullis, 138 Ohio St., 187, 191, 34 N. E. (2d), 212. Also, although it is not now apparent whether this court would follow the decision in Tullis v. Tullis, supra (see Seitz v. Seitz, 156 Ohio St., 516, 520, 103 N. E. [2d], 741), it is apparent, from the reasons advanced in the majority and the minority opinions in the Tullís case and from the decision and opinions in the Seitz case as well as from the decision and reasons advanced therefor in Corbett v. Corbett, 123 Ohio St., 76, 174 N. E., 10, that protection of the minor child of the parties in the instant case would not be in any way dependent upon a conclusion such as that reached by the trial judge with respect to this separation agreement.
No agreement could affect the obligations of either plaintiff or defendant to support their child; and the agreement involved in the instant case does not even purport to do so.
There is no evidence disclosed in the instant case that would justify the conclusion that equitable relief from the separation agreement should be given to the plaintiff wife for any violation *9 of “the general rales which control the actions of persons occupying confidential relations with each other.” (Section 3103.05, Eevised Code.) On the other hand, the evidence discloses that plaintiff was employed at the time the agreement was signed and was earning about one-half as much as her husband; that her attorney prepared the separation agreement; and that defendant had no attorney at that time. Further, plaintiff admits that she fully understood the agreement and the consequences that would follow if its terms were carried out.
Plaintiff contends that the trial court was justified in setting aside the separation agreement because defendant husband, after its execution, immediately started associating with plaintiff, cohabited with her, kept company with her and attacked her in such a way as to inflict serious injuries upon her person.
It may be that, if the parties thereto become reconciled and return to cohabitation, a separation agreement will thereby be terminated so far as it remains executory. 17 American Jurisprudence, 551, Section 735. Although there is evidence to the contrary, there is some evidence that, after the separation agreement was executed and while the plaintiff wife was living in her father’s home at a time when her father was in the hospital, the defendant husband frequently visited her during the daytime and had meals provided for him by her, attempted to effect a reconciliation, and on one occasion had sexual relations with her. This evidence, if believed, is not sufficient to support the conclusion that the parties at any time after the execution of the separation agreement resumed any normal married life together. Plaintiff admitted that she never agreed to a reconciliation. Her amended petition does not even allege any reconciliation but only an attempt by defendant to “affect [sic] a reconciliation.” In the absence of direct evidence of an agreement by the husband and wife to a reconciliation, such reconciliation cannot be inferred from evidence, such as the plaintiff wife in the instant case offered, which does not tend to prove that she and defendant had resumed a normal married life together. See Roberts v. Pace, 193 Va., 156, 67 S. E. (2d), 844, 35 A. L. R. (2d), 702.
Plaintiff would have a cause of action against defendant for any injuries which may have been inflicted upon plaintiff’s *10 person by the willful or negligent acts of defendant. Damm v. Elyria Lodge, 158 Ohio St., 107, 107 N. E. (2d), 337. It is apparent that any such cause of action would not be affected by the previously executed separation agreement. In view of the existence of such a cause of action, the negligent or willful infliction by defendant of such injuries upon plaintiff’s person after execution of the separation agreement would hardly seem to be a reason for avoiding the separation agreement.
Where the parties have not become reconciled and returned to cohabitation, an unanticipated change in the circumstances of the parties will provide no ground for setting aside those provisions of a separation agreement by which the parties release each other from claims for care, support and maintenance if such agreement was valid when made and there is no other reason for granting equitable relief therefrom. Meyer v. Meyer, supra (153 Ohio St., 408). See also Mendelson v. Mendelson, 123 Ohio St., 11, 173 N. E., 615; Mozden v. Mozden, 162 Ohio St., 169, 122 N. E. (2d), 295; Newman v. Newman, 161 Ohio St., 247, 118 N. E. (2d), 649; and Law v. Law, 64 Ohio St., 369, 60 N. E., 560.
Since it does not appear that the separation agreement in the instant case is void or that the plaintiff and defendant have become reconciled and returned to cohabitation, or that plaintiff is entitled to any equitable relief from any of the provisions of that agreement, the Common Pleas Court erred in refusing to give full effect to the provisions of that agreement releasing defendant husband from any claim by plaintiff wife for care, support or maintenance.
It follows that the judgment of the Court of Appeals must be reversed, and the cause is remanded to the Common Pleas Court for further proceedings in accordance with this opinion.

Judgment reversed.

Matthias, Hart, Zjmmermah, Stewart and Bell, JJ., concur,