PICKREL et, Plaintiffs-Appellees, v. HROBON, Defendant-Appellant.

Ohio Appeals, Tenth District, Franklin County.

No. 5827.   Decided March 4, 1958.

Philip C. Ebeling, Dayton, for plaintiffs-appellees.

Edwin M. Tuttle, of Herbert, Tuttle, Applegate & Britt, Columbus, for defendant-appellant.

## OPINION

By BRYANT, J.

This matter comes on for consideration upon the motion of William G. Pickrel, et al., plaintiffs-appellees, to dismiss the appeal on law and fact of May T. Hrobon, defendant-appellant.   Pickrel, et al., will be referred to as plaintiffs and Mrs. Hrobon as defendant.

The first ground of the said motion is as follows:

"1. The action below was a statutory action for a declaratory judgment which is not appealable on questions of law and fact."

In support thereof, counsel for plaintiffs argue that only questions known as chancery cases at the time of the adoption of the 1912 Consti-

tution may be the subject of the appeal on questions of law and fact that this action was for a declaratory judgment; that the right to brin a declaratory action was created by statute in 1933, and hence that a appeal on questions of law and fact is not permitted.

Counsel for defendant disputes this, claiming some declaratory ac tions may be the subject of a law and fact appeal while others are no They urge that the nature of the declaratory judgment action must b looked to to tell whether or not it is a law action or one where equitabl relief is the main objective and that in the latter case, which the say is the case here, a law and fact appeal is permissible.

It has been held by the Supreme Court of Ohio that an action fc a declaratory judgment may possess attributes either of law or equit depending upon the particular case. In **Sessions, et al., v. Skelton et a 163 Oh St 409** the third branch of the syllabus is as follows:

"3. An action for a declaratory judgment is sui generis in the sen that it is neither one strictly in equity nor one strictly at' law; it purely a procedural remedy wherein the court having jurisdiction ma apply such principles of equity or of·law as may be necessary to adjud cate the issues presented."

At page 415 of the majority opinion by Zimmerman, J., is was sai "It has been observed that the an action for a declaratory judgmer is sui generis in the sense that it is neither one strictly in equity nor or strictly at law; it may possess attributes of both. Although declarato judgment actions had their origin in controveries (controversies) peculi to equity, such an action may be utilized in a matter which is strict legal. A declaratory judgment action creates no new or substanti rights. It is purely a procedural remedy, and in determining the issu presented such principles of law or of equity may be invoked as a appropriate. When such an action partakes of equity it calls for t application of equitable principles and when it partakes of an acti at law it utilizes any available legal principles necessary to dispose the issues. See Borchard on Declaratory Judgments (2 Ed.), 237 et se

In **Westerhaus Co., Inc., v. City of Cincinnati et al., 165 Oh St 3** the first, second and third branches of the syllabus are as follows:

"1. Whether an action is legal and, therefore, appealable on que tions of law only or equitable and, therefore, appealable on questio of law and fact is determined from the pleadings and the issues ma thereby.

"2. Where a petition indicates that the primary or paramount issu raised are equitable and any other relief sought is merely incident to the equitable relief sought, the case is a 'chancery case.'

"3. An action may be a 'chancery case' even though declarato judgment relief is sought therein."

Taft, J., in the opinion in the Westerhaus case, supra, refers wi approval to the prior holdings that if the case below is a "chancery ca it is appealable upon law and fact. He cites in·support thereof Mey v. Meyer, 153 Oh St 408, and Connelly v. Balkwill, 160 Oh St 430. In t latter case **paragraph one of the syllabus** reads:

"1. Whether an action is legal and, therefore, appealable on questic

of law only or equitable and, therefore, appealable on questions of law and fact is determined from the pleadings and the issues made thereby."

The Westerhaus case, supra, was decided June 6, 1956.

In **16 O. Jur. (2d), 643, Declaratory Judgments, §11, Nature of Proceeding,** it is said:

"An action for a declaratory judgment is essentially a special statutory proceeding. Such an action is sui generis in the sense that it is neither one strictly in equity nor one strictly at law. But the Code provisions providing for declaratory judgments do not establish or change any substantive rights; they simply broaden the remedies, but do not, and could not, change the essential nature of an action itself. Therefore, whether a particular action for a declaratory judgment is legal or equitable in nature, and whether legal or equitable principles may be invoked, is dependent upon the nature of the issues raised. In determining the issues presented such principles of law or of equity may be invoked as are appropriate. When such an action partakes of equity it calls for the application of equitable principles, and when it partakes of an action at law it utilizes any available principles necessary to dispose of the issues.

"Applying the above principles, a matter primarily involving the construction of a written agreement and determining the right to maintain a mandatory injunction for a violation of a restriction in a deed is equitable in nature. * * *"

Applying the tests above set forth to the pleadings and issues in the case now before us, it would appear that the proceeding below was primarily equitable in nature. Plaintiffs attached to their petition an exact copy of the signed agreement between defendant and plaintiffs for their legal services and asked the court to construe their rights and to order an accounting on behalf of the defendant with respect thereto. In both causes of action, plaintiffs allege they have made demand upon defendant for an accounting and in each case it is alleged defendant has failed or refused so to do.

In **1 O. Jur. (2d), 206, Accounts and Accounting, §49,** reads:

"The existence of a fiduciary relationship between the parties is ground for equitable jurisdiction of an action by one to compel an accounting by the other. * * *"

"Equitable jurisdiction over accounting by various other persons in fiduciary relations such as principal and agent, principal and factor, attorney and client, and partner, exists. * * *"

For the reasons above set forth the first ground for the motion to dismiss is not well taken and must be overruled.

The second ground is as follows:

"2. No bond was filed as required by law in order to support an appeal on questions of law and fact."

In support of this ground, plaintiffs refer to §2505.06 R. C., which provides as follows:

"Except as provided in §2502.12 R. C., no appeal shall be effective as an appeal upon questions of law and fact until the order, judgment, or decree appealed from is superseded by a bond in the amount and

with the conditions provided in §§2505.09 and 2505.14 R. C., and unless such bond is filed at the time the notice of appeal is required to be filed."

On behalf of the defendant it is claimed that all provisions of the bond statute have been complied with and that a bond in the sum of $85,000 as approved by the lower court is now on file with the Clerk of Courts of Franklin County.

We have examined the papers in this case and have failed to find any order fixing such bond at $85,000. We find that the court below decided the case on July 25, 1957 and on October 11, 1957 by journal entry, duly filed, overruled a motion for a new trial and entered judgment for $76,015 and interest in favor of plaintiffs and against defendant on plaintiffs' first cause of action. The court further found that plaintiffs were entitled to receive, upon sale of the subject property, twenty-five percent of any amount received in excess of $352,234.61 under the circumstances therein described.

It was on October 31, 1957 that the notice of appeal on questions of law and fact was filed and on the same date a journal entry was filed fixing the amount and conditions of the supersedeas bond required under §2505.06 R. C. Instead of fixing the supersedeas bond for twice the amount of $76,909.15 and interest or an amount approximating $153,818.37 and interest, the court set the amount at $110,000. The entry reads as follows:

"This day this cause came on to be heard upon application to fix a supersedeas bond in the above action and the same was heard in open court with both parties present, and the Court finds the parties have agreed upon additional security for any judgment and that a bond should be approved.

"WHEREFORE, it is hereby ordered and decreed that a supersedeas bond be fixed in the sum of One Hundred Ten Thousand ($110,000) Dollars and that the Clerk of Court shall take the defendant as principal on the bond and Emil M. Hrobon & Maxine Hrobon as security on said bond and that in view of other security being agreed upon between the parties further security is hereby dispensed with."

The bond in this case is entered in "Capital Record of Miscellaneous Bonds No. 2, Page 225." This supersedeas bond reads in part as follows:

"KNOW ALL MEN BY THESE PRESENTS, That we, May T. Hrobon, Emil M. Hrobon and Maxine Hrobon are held and firmly bound unto plaintiffs in the sum of one hundred ten thousand and no/100 Dollars, to the payment of which sum, well and truly to be made, we do hereby jointly and severally bind ourselves, our successors, heirs, executors and administrators.

"Signed by us, and dated this 31st day of Oct. 1957.

"THE CONDITION OF THE ABOVE OBLIGATION IS SUCH, That, ENTRY FILED OCT. 31, 1957:

"This day this cause came on to be heard upon application to fix a supersedeas bond in the above action and the same was heard in open court with both parties present, and the Court finds the parties have agreed upon additional security for any judgment and that a bond should be approved.

"WHEREFORE, it is hereby ordered and decreed that a supersedeas bond be fixed in the sum of One Hundred Ten Thousand ($110,000.00) Dollars and that the Clerk of Court shall take the defendant as principal on the bond and Emil M. Hrobon and Maxine Hrobon, as securitiy (security) on said bond and that in view of other security being agreed upon between the parties further security is hereby dispensed with."

"Gessaman, Judge"

"Edwin M. Tuttle"

"Then this obligation to be void; otherwise to remain in full force and virtue in law."

"(Known as Cordelia May Hrobon)"

Note: Above is printed in ink.

"Executed in Presence of"

|  |  |
|---|---|
| "Dorothy Campbell" | "May T. Hrobon" |
| "Deputy Clerk" | "Emil Hrobon" |
|  | "Maxine Hrobon" |

Attached to the above bond are two certificates from the office of the Franklin County Auditor, each of which contain the following statement:

"This is to Certify, That the Principal and sureties subscribing to the appended bond appear on the tax lists of Franklin County, Ohio, with the taxable valuations shown opposite their names:"

On one of the certificates property standing in the name of Emil M. & Maxine Hrobon located at 2861 S. Dorchester Road is valued at $18,020.00, while on the other, property standing in the name of Cordelia M. Hrobon located at 1969 Chatfield Road is valued at $26,050.00. The second said certificate bears this notation: "Accepted on advice of Judge Gessaman."

We are unable to find any other or any further evidence that the supersedeas bond complies with the statute. Sec. 2505.09 R. C., requires not only that the principal amount of the bond shall be not less than the amount of judgment and interest but also that there be sufficient surety. The said §2505.09, supra, R. C. is as follows:

"No appeal shall operate as a stay of execution, except as provided in §§2505.11 and 2505.12 R. C., until a supersedeas bond is executed by the appellant to the adverse party **with sufficient surety and in such sum, not less than the amount of the judgment and interest,** as is directed by the court making the order which is sought to be superseded or by the court to which the appeal is taken. Such bond shall be conditioned as provided in §2505.14 R. C." (Emphasis added.)

In a case such as this, the appellant was required to be the principal on the bond and is the one primarily liable for the full amount of judgment, interest and costs which may be ultimately found to be due from such appellant. In order for the sureties to qualify, property they own is required in addition to that which may be owned by the appellant.

Hence, from the records available to us it would appear that property having a tax value of $18,020.00 and nothing else is pledged as surety for the appellant on a bond in the principal sum of $110,000. By no stretch of the imagination could this be said to comply either with

518

the statute or the order of Judge Gessaman. The second ground of the motion is well taken and will, therefore, be sustained.

The third and final ground of the motion to dismiss is as follows:

"The trial brief required by Rule 7, Sub-division B, to be filed within fifty (50) days has not been filed by appellant."

Plaintiffs urge that the notice of appeal was filed October 31, 1957 and they contend under Rule VII, B, of this court that the appellant should have filed a trial brief within fifty days thereafter. The rule referred to namely, Rule VII, B, is as follows:

"Unless otherwise ordered by the court or a judge thereof, upon appeals on questions of law and fact, counsel for plaintiff shall, within fifty (50) days after filing the notice of appeal, file with the Clerk his trial brief.

"Within fifteen (15) days after plaintiffs brief has been filed and a copy thereof served on opposite counsel, such opposing counsel shall file like briefs, and brief in reply thereto shall be filed within seven (7) days thereafter."

It will be noted that the obligation of this rule applies to the plaintiffs in the court below, in this case, appellee. It is to be doubted if plaintiffs seek to invoke this rule against themselves. This ground must, therefore, be held not to be well taken.

In light of our conclusions as set forth above the first and third grounds of the motion to dismiss will be overruled and the court having found the second ground shown upon the present apparent condition of the record to be well taken, will be sustained and the appeal will be dismissed as an appeal on law and fact, but will be retained as an appeal on questions of law with the usual time allowed defendant to settle her bill of exceptions.

PETREE, PJ, MILLER, J, concur.