## DEELY, Estate of, In re.

Ohio Appeals, Tenth District, Franklin County.

No. 5859. Decided October 28, 1958.

Meredith, Meredith & Tait, Quentin M. Derryberry, of Counsel, Lima, Robert R. Shaw, Columbus, for appellant.

Joseph L. Eisenberg, Ralph Shapiro, Columbus, for appellee-administrator.

## OPINION

By BRYANT, J.

The matters here under consideration had their origin in the Probate Court of Franklin County, Ohio. In that court Ralph Shapiro, appellee herein, was successor administrator of the estate of George H. Deely, deceased.

The principal, if not the only asset of the estate, appears to be one 1955 Elcar house trailer which had been appraised at $1,500. The City Loan & Savings Company, appellant herein, had a lien duly noted on the certificate of title on the said house trailer for $1,702.50 representing the unpaid balance due to said loan company.

The said administrator filed a petition with the Probate Court to sell said personal property, referred to the facts as herein above set

forth, stated the property had not been specifically devised and said that the sale is needed in order to pay the cost of administration to pay debts. The petition then alleged that the said loan company had challenged the administrator's right to sell the house trailer at any amount less than the balance due. The answer of the said City Loan and Savings Company consisted of a general denial and a cross-petition alleging the creation of the lien upon the house trailer on October 14, 1955 when the decedent and one Bonnie Osborne, in connection with the purchase of the said vehicle, signed a note for $1,858.50 in favor of Modern Trailer Sales, which note was sold to said City Loan and Savings Company. It was further alleged in the cross-petition that at the same time the note was signed, and to secure payment thereon, a chattel mortgage was executed and delivered to Modern Trailer Sales and for valuable consideration sold and delivered to said City Loan and Savings Company. It was claimed that the lien of the mortgage was noted by the clerk issuing the certificate of title and still remains unpaid and uncancelled and on which the balance due was $1,702.50. The said City Loan and Savings Company asked the court to protect its rights and if the property be sold that its claim be declared ahead of all others.

By a decision dated September 5, 1956 said Probate Court, while not approving the petition to sell at a private sale, did authorize public sale of the said property. This decision was journalized by an entry filed October 3, 1956 while on December 3, 1956 a further journal entry was filed approving and confirming the sale and ordering a certificate of title be issued to the purchaser free of any liens whatsoever.

On December 13, 1956 said administrator made application for an order of distribution of the funds reciting that he had received $1,400 for the said trailer and had collected a small additional amount for rent thereon. Said application listed various items of expense including auctioneer's fee and advertising costs incident to the sale, probate court costs, fees for storing said trailer, cost of administration including administrator's fee and attorney fees, fiduciary bond and appraiser's fee together with funeral expenses and other debts including the lien of said City Loan and Savings Company and a debt on a used refrigerator. Said application was set for hearing and an agreed statement of facts was filed.

On October 29, 1957 the Probate Court handed down its decision ordering distribution of the funds and giving an order of priority as follows:

"1. Costs of sale of trailer, including auctioneer's fee and advertising costs;

"2. Probate Court costs;

"3. Storage and custodial care of trailer, when approved as to amount;

"4. Costs of administration, including administrator's, attorney's and appraisers' fees, and surety bond premium;

"5. Balance due to City Loan & Savings Company;

"6. Funeral expense not in excess of $350.00;

"7. Other debts."

The said decision was spread upon the journal of the Probate Court

by an entry filed November 12, 1957. This entry directed the administrator to take further steps to obtain the allowance of fees of the administrator and his attorney and storage charges for the trailer.

On November 22, 1957, the City Loan and Savings Company filed the following notice of appeal:

"Appellate, The City Loan and Savings Company, hereby gives notice of its appeal to the Court of Appeals of Franklin County, Ohio, **on questions of law and fact from the judgment, decree and final order herein rendered on the 9th day of November, 1957.**" (Emphasis added.)

Thereafter the administrator filed a motion to dismiss the appeal as an appeal on questions of law and fact and this court in an opinion rendered on February 11, 1958 sustained said motion, which decision was journalized by entry filed April 1, 1958. The decision and judgment held that the judgment appealed from was not one of those falling under the provisions of §2501.02 R. C., and therefore could not be retained as an appeal on questions of law and fact but was retained as an appeal on questions of law. Appellant was given thirty days to refile his assignment of errors and brief.

The original assignment of errors was filed apparently January 8, 1958 but was not refiled and we must assume that it has been abandoned. Instead, appellant on March 27, 1958 filed an assignment of errors which reads as follows:

"The City Loan and Savings Company, Appellant, for its Assignment of Error herein says that the judgment entered by the Probate Court of Franklin County, Ohio in the above entitled cause is erroneous and against the just rights of the Appellant in the following respects:

"1. In ordering sale of house-trailer over objections of Appellant when it was evident there was no equity in trailer.

"2. The Court erred in determining priority of payment of proceeds from sale of said trailer.

"3. The judgment is contrary to law."

But it makes little difference whether one assignment of error or the other be considered for the reason that we are unable to find any order whatsoever fitting into the language set forth in the notice of appeal which in part is as follows:

"* * * the judgment, decree and final order herein rendered on the 9th day of November, 1957."

If it be said the appellant seeks to review questions relating to the sale of the personal property in question, we note that the journal entry authorizing such sale was filed October 3, 1956 and the time has long since run for an appeal on questions relating thereto. It would seem to be the position of appellant that the administrator never obtained title to the said house trailer, that the title thereto in legal contemplation was in the City Loan and Savings Company by virtue of the note, mortgage, and notation of the lien upon the certificate of title. If appellant's contentions with respect thereto are correct, and on this we express no opinion whatsoever, the final order from which an appeal should have been taken was the October 3, 1956 entry, which authorized the sale.

It may be that the judgment entry of November 12, 1957 relating

to the order of distribution is the order with which the appellant is dissatisfied. If so, the answer to that is simply that no appeal was taken from that order. It would appear, however, that the basic questions involved were those in the judgment entry of October 3, 1956.

It is therefore our opinion that the notice of appeal fails to describe any judgment, order or decree which is appealable or which in fact exists.

The assignment of errors therefore is not well taken and must be overruled at the costs of the appellant.

PETREE, PJ, MILLER, J, concur.

## DEELY, Estate of, In re.

No. 5859.   Decided January 6, 1959.

**OPINION**

By BRYANT, J.

This matter comes on for consideration upon (a) a motion by the City Loan & Savings Company, appellant, herein called City Loan, to amend its notice of appeal filed on November 22, 1957 by changing the date of the final order appealed from to read November 12, 1957 instead of November 9, 1957 and (b) the application of City Loan for rehearing upon the decision of this court rendered on October 28, 1958. Ralph Shapiro, successor administrator of the estate of George Deely, deceased, is appellee.

We will first give our attention to the motion to amend the notice of appeal. This motion was filed November 6, 1958, nine days after the decision of this court that the notice of appeal failed to describe any

final order which was appealable or which even existed and nearly one year after the time the notice of appeal was filed (November 22, 1957).

However, the Supreme Court of Ohio and the decisions of the various courts of appeals of Ohio have given a liberal construction to the statutes relating to notices of appeal and in many cases where no prejudice resulted to the appellee have permitted amendments to notices of appeal to conform to the facts in the interest of justice. See Capital Loan & Savings Co. v. Biery et al., 134 Oh St 333; In re Guardianship of Wisner, 148 Oh St 31; Richards v. Industrial Commission of Ohio, 163 Oh St 439; Perry v. Baskey, 158 Oh St 151 and Meyer v. Meyer, 153 Oh St 408.

We are unable to find, nor has it been pointed out to us, that allowing this amendment will be prejudicial to the estate. We conclude therefore that the motion should be sustained and the amendment permitted and it is so ordered.

The one question remaining relates to the application of City Loan for rehearing with respect to the opinion of this court rendered on October 28, 1958. The application for rehearing will be denied but in view of the amendment permitted with respect to the notice of appeal will be treated as an application for reconsideration and as such will be sustained to give effect to the amendment to the notice of appeal.

In the form in which it is amended the notice of appeal is from a final order of the probate court entered upon its journal on November 12, 1957 in which the probate court ordered and established priority in the distribution of funds arising from a public sale of house trailer upon which the City Loan had a lien. The probate court over the objection of City Loan ordered the funds distributed in the following order: (1) Costs of sale; (2) probate court costs; (3) storage charges on the trailer; (4) other administrative costs including fees for administrator, attorney and appraiser and bond premium and (5) balance to City Loan.

In our opinion of October 28, 1958 more detailed reference to the facts will be found and only sufficient reference to them to deal with the questions now before us will be made here.

In its assignment of errors filed March 27, 1958, City Loan makes the following assignment of three errors by the probate court which in substance are as follows: (1) Erroneously ordered sale of house trailer. (2) Erroneously ordered priority of payment of the proceeds of the sale of the house trailer. (3) The judgment is contrary to law.

The first assignment of error relates to the order to sell the house trailer. Was the order to sell a part of the final order of November 12, 1957 from which this appeal was taken? We think not. Rather it appears to have been made about one year prior thereto.

The administrator on June 8, 1956 filed a petition to sell the house trailer and included therein a detailed statement of the claim and lien of City Loan, the balance due it and the various legal objections made by City Loan. Service was had upon City Loan and on June 22, 1956 City Loan filed its answer and cross-petition to which it attached a photostatic copy of its note and mortgage. The cross-petition was verified by the vice president of City Loan.

On September 7, 1956 the probate court made a decision upholding the right of the administrator to sell the house trailer at public sale,

which decision became a part of the journal of the probate court by entry filed October 3, 1956. The entry directed the administrator to make the sale and execute a certificate of title to the purchaser free and clear of the lien of City Loan. On December 3, 1956 following a report of the sale the probate court by journal entry confirmed the sale as being regular in all respects.

It has not been pointed out to us and we have been unable to find where there was any notice of appeal with respect to this action by the probate court.

The notice of appeal filed on November 22, 1957, in its amended form, refers only to the probate court order made on November 12, 1957. It would seem clear that no appeal was taken within the statutory period from the order of the probate court authorizing and directing the sale to be made.

In view of the fact that the order of the probate court made November 12, 1957 dealt primarily with the matter of priorities, assignments of errors two and three will be treated as one objection. The question it would seem is whether or not a preferred creditor or lien holder must be paid ahead of the usual expenses of administration and sale in the probate court. We believe the decision of the probate court was in accordance with law. In our opinion therefore the second and third assignments of error are not well taken and must be overruled.

For the reasons above set forth each of the assignments of error is hereby overruled and the judgment of the court below is affirmed at the costs of the appellant.

PETREE, PJ, MILLER, J, concur.