(No. 5859—Decided January 6, 1959.)

*Messrs. Meredith, Meredith & Tait, Mr. Quentin M. Derryberry* and *Mr. Robert R. Shaw,* for appellant, City Loan & Savings Company.

*Mr. Joseph L. Eisenberg* and *Mr. Ralph Shapiro,* for appellee, Ralph Shapiro, administrator.

BRYANT, J. This matter comes on for consideration upon (a) a motion by the City Loan & Savings Company, appellant, herein called City Loan, to amend its notice of appeal filed on November 22, 1957, by changing the date of the final order appealed from to read November 12, 1957, instead of November 9, 1957, and (b) the application of City Loan for rehearing upon the decision of this court rendered on October 28, 1958. Ralph Shapiro, successor administrator of the estate of George Deely, deceased, is appellee.

We will first give our attention to the motion to amend the notice of appeal. This motion was filed November 6, 1958, nine days after the decision of this court that the notice of appeal failed to describe any final order which was appealable or which even existed and nearly one year after the time the notice of appeal was filed (November 22, 1957).

However, the Supreme Court of Ohio and the decisions of

*Motion to certify the record overruled, April 29, 1959. Appeal dismissed, 169 Ohio St., 226.

the various Courts of Appeals of Ohio have given a liberal construction to the statutes relating to notices of appeal and in many cases where no prejudice resulted to the appellee have permitted amendments to notices of appeal to conform to the facts in the interest of justice. See *Capital Loan & Savings Co.* v. *Biery,* 134 Ohio St., 333, 16 N. E. (2d), 450; *In re Guardianship of Wisner,* 148 Ohio St., 31, 72 N. E. (2d), 751; *Richards* v. *Industrial Commission,* 163 Ohio St., 439, 127 N. E. (2d), 402; *Perry* v. *Baskey,* 158 Ohio St., 151, 107 N. E. (2d), 328; and *Meyer* v. *Meyer,* 153 Ohio St., 408, 91 N. E. (2d), 892.

We are unable to find, nor has it been pointed out to us, that allowing this amendment will be prejudicial to the estate. We conclude therefore that the motion should be sustained and the amendment permitted and it is so ordered.

The one question remaining relates to the application of City Loan for rehearing with respect to the opinion of this court rendered on October 28, 1958. The application for rehearing will be denied but, in view of the amendment permitted with respect to the notice of appeal, will be treated as an application for reconsideration and as such will be sustained to give effect to the amendment to the notice of appeal.

In the form in which it is amended the notice of appeal is from a final order of the Probate Court entered upon its journal on November 12, 1957, in which the Probate Court ordered and established priority in the distribution of funds arising from a public sale of a house trailer upon which City Loan had a lien. The Probate Court, over the objection of City Loan, ordered the funds distributed in the following order: (1) Costs of sale; (2) Probate Court costs; (3) storage charges on the trailer; (4) other administrative costs including fees for administrator, attorney and appraiser and bond premium; and (5) balance to City Loan.

In our opinion of October 28, 1958 (see 80 Ohio Law Abs., 243), more detailed reference to the facts will be found and only sufficient reference to them to deal with the questions now before us will be made here.

In its assignment of errors filed March 27, 1958, City Loan makes the following assignment of three errors by the Probate Court which in substance are as follows: (1) Erroneously

ordered sale of house trailer; (2) erroneously ordered priority of payment of the proceeds of the sale of the house trailer; and (3) the judgment is contrary to law.

The first assignment of error relates to the order to sell the house trailer. Was the order to sell a part of the final order of November 12, 1957, from which this appeal was taken? We think it was not. Rather it appears to have been made about one year prior thereto.

The administrator, on June 8, 1956, filed a petition to sell the house trailer and included therein a detailed statement of the claim and lien of City Loan, the balance due it, and the various legal objections made by City Loan. Service was had upon City Loan and on June 22, 1956, City Loan filed its answer and cross-petition to which it attached a photostatic copy of its note and mortgage. The cross-petition was verified by the vice-president of City Loan.

On September 7, 1956, the Probate Court made a decision upholding the right of the administrator to sell the house trailer at public sale, which decision became a part of the journal of the Probate Court by entry filed October 3, 1956. The entry directed the administrator to make the sale and execute a certificate of title to the purchaser free and clear of the lien of City Loan. On December 3, 1956, following a report of the sale, the Probate Court by journal entry confirmed the sale as being regular in all respects.

It has not been pointed out to us and we have been unable to find where there was any notice of appeal with respect to this action by the Probate Court.

The notice of appeal filed on November 22, 1957, in its amended form, refers only to the Probate Court order made on November 12, 1957. It would seem clear that no appeal was taken within the statutory period from the order of the Probate Court authorizing and directing the sale to be made.

In view of the fact that the order of the Probate Court made November 12, 1957, dealt primarily with the matter of priorities, assignments of errors two and three will be treated as one objection. The question it would seem is whether a preferred creditor or lien holder must be paid ahead of the usual expenses

of administration and sale in the Probate Court. We believe the decision of the Probate Court was in accordance with law. In our opinion therefore the second and third assignments of error are not well taken and must be overruled.

For the reasons above set forth each of the assignments of error is hereby overruled and the judgment of the court below is affirmed at the costs of the appellant.

*Judgment affirmed.*

PETREE, P. J., and MILLER, J., concur.