JAMES B. CLOW & SONS, INC., APPELLEE, *v.* WESTERN CASUALTY
& SURETY CO., APPELLEE; LEGG & DAVIS, APPELLANT;
LEGG, APPELLEE.

(No. 6884—Decided May 15, 1962.)

*Messrs. Eagleson & Childers* and *Mr. John S. Bowers,* for
plaintiff-appellee.
*Messrs. Butler, Addison, Smith & Carmack* and *Mr. Ralph
G. Smith,* for appellant.

*Per Curiam.* The sole question before the court at this
time arises on the motion of James B. Clow & Sons, Inc., plain-
tiff, an appellee herein, to dismiss the appeal of Legg & Davis,
a partnership, defendant, appellant herein, for failure to file an
appeal bond.

On September 29, 1961, the court below fixed the appeal
bond at $5,000 and on the same date appellant filed notice of
appeal on questions of law and fact.

We have been unable to find any indication in the record
that appellant has furnished such bond or any part thereof and,
on February 14, 1962, plaintiff filed the motion to dismiss the
appeal, the time for furnishing such bond having expired.

In Skeel's Ohio Appellate Law (1958 Ed.), 115, Section 231
reads as follows:

"The filing of the notice of appeal and the appeal bond are
the only jurisdictional requirements which must be complied
with to perfect an appeal on questions of law and fact. If the
appellant files a notice of appeal on questions of law and fact,
but fails to file his appeal bond within the twenty-day period
provided for an appeal, the appellate court cannot proceed to
hear the case on questions of law and fact but must dismiss the
appeal on questions of law and fact and retain it on questions

of law only. In the case of *Damar Realty Co.* v. *City of Cleveland,* 140 Ohio St., 432, the court had this exact question before it. The syllabus reads:

" '1. The filing of a notice of appeal is the only jurisdictional step in an appeal from the Court of Common Pleas to the Court of Appeals.

" '2. After entry of judgment in an action in chancery an aggrieved party may appeal on questions of law or upon questions of law and fact by filing a notice of appeal as provided by statute.

" '3. Where in a chancery action notice of appeal on questions of law and fact is duly filed but no appeal bond is filed within the time provided, the appeal does not become effective as an appeal on questions of law and fact but is effective as an appeal on questions of law only.' "

See, also, *Pickrel* v. *Hrobon,* 106 Ohio App., 313.

The motion will be sustained in part and overruled in part and the appeal on questions of law and fact will be dismissed, but the appeal will be retained as an appeal on questions of law. Rule V, D, of the Rules of the Courts of Appeals reads as follows:

"Whenever an appeal on questions of law and fact is reduced to an appeal on questions of law, the court shall forthwith make an order fixing the time, not exceeding thirty (30) days, for the presentation and filing of a bill of exceptions in the trial court (Section 2321.05, Revised Code). If a bill of exceptions has been filed, it shall be refiled as of the date of the entry reducing the appeal to one on questions of law. Assignments of error and briefs shall thereafter be filed within the time prescribed by Rule VII A (2)."

Pursuant to Rule V, D, of the Rules of the Courts of Appeals the court allows thirty days from the date of the announcement of this decision for the presenting and filing of a bill of exceptions, or, if such has been filed, that it shall be refiled as of the date of the entry reducing the appeal to one on questions of law with assignments of error and briefs due as provided in Rule VII A (2).

*Judgment accordingly.*

DUFFEY, P. J., BRYANT and DUFFY, JJ., concur.