BOARD OF EDN. OF JEFFERSON LOCAL SCHOOL DIST., APPELLEE, *v.*
BD. OF EDN. OF COLUMBUS CITY SCHOOL DIST., APPELLANT;
DUNN, AUD., ET AL., APPELLEES.

(No. 7264—Decided April 23, 1963.)

*Messrs. Knepper, White, Richards, Miller & Roberts, Mr. Hugh A. Sherer* and *Mr. John A. Jenkins,* for appellee Board of Education of Jefferson Local School District.

*Mr. John C. Young,* city attorney, and *Mr. Alba Whiteside,* for appellant.

*Mr. Earl W. Allison,* prosecuting attorney, for appellees Fred C. Dunn, County Auditor, and Newton A. Thatcher, County Treasurer.

*Mr. William B. Saxbe,* attorney general, and *Mr. Victor Krupman,* for appellee State Board of Education.

*Per Curiam.* Defendant-appellant, Board of Education of the Columbus City School District, filed notice of its appeal to this court from a judgment and final order, entered January 28, 1963, by the Court of Common Pleas of Franklin County, the appeal being on questions of law and fact. Plaintiff-appellee filed a motion to reduce the appeal from one on questions

of law and fact to one on questions of law "only for the reason that this court is without jurisdiction in the trial *de novo* of chancery cases." This motion is on for decision.

Consideration of the motion of plaintiff-appellee involves the discussion and varying opinion centering about interpretation of Section 6, Article IV of the Constitution of the state of Ohio, concerning the jurisdiction of Courts of Appeals.

The change in language in Section 6, Article IV, significant in our present review, came January 1, 1945. After a recital of the specific original jurisdiction of Courts of Appeals, the language is as follows:

"* * * and such jurisdiction as may be provided by law to review, affirm, modify, set aside, or reverse judgments or final orders * * *, of courts of record inferior to the Court of Appeals within the district, * * *."

Before 1945 the controversial section contained the language, "and appellate jurisdiction in the trial of chancery cases." This does not appear after January 1, 1945.

The 1945 amended article provided also that, "All laws now in force, not inconsistent herewith, shall continue in force until amended or repealed;" which phrase was omitted when the section was amended again in 1959. New in the 1945 and 1959 versions are the words, "set aside," and the clause, "such jurisdiction as may be provided by law to review, * * *." These deletions and additions are the object of scholarly inquiry by Judge Skeel in his article published in the Ohio Bar of October 8, 1962, and by counsel for plaintiff-appellee in the brief submitted herein. They call attention to the debates in the Constitutional Convention of 1912, particularly to the comments of Judge Peck on the meaning of "review" and his opposition to trials "de novo" in the Courts of Appeals.

Whatever the sentiments expressed in the 1912 Constitutional Convention may have been, concerning the meaning of the word, "review," which term is still with us, the 1945 amendment, approved in substance in 1959, has the additional provision authorizing the General Assembly to provide additions to the jurisdiction. After reciting the areas of original jurisdiction, the language is as follows:

"* * * and such jurisdiction as may be provided by law

to review, affirm, modify, set aside, or reverse judgments or final orders * * *."

The General Assembly may by law expand the jurisdiction of Courts of Appeals within constitutional limits. Such authority comes from the people by constitutional enactment. That jurisdiction is limited by the qualifying terms, "review, affirm, modify, set aside, or reverse," as applied to judgments and final orders of lower courts. It seems clear that a "final order," or decree, such as a mandatory injunction, can be "set aside" if the Legislature so provides "by law."

Many comments and arguments, presented in the treatises and briefs, are based upon the decision in *Youngstown Municipal Ry. Co.* v. *City of Youngstown* (1946), 147 Ohio St., 221. The syllabus is as follows:

"1. Section 6 of Article IV of the Constitution of Ohio, as amended November 7, 1944, empowers but does not require the General Assembly to change the appellate jurisdiction of the Courts of Appeals.

"2. Unless and until there is such legislative action, the appellate jurisdiction of the Courts of Appeals remains as it was at the time the amendment was adopted."

Speaking of the 1945 amendment and the intention embodied in the language used, the opinion at page 223, reads as follows:

"* * * The expressed intention is to accomplish the simple result of empowering the General Assembly to change the appellate jurisdiction of the Courts of Appeals if it should desire so to do; * * *."

The General Assembly had not acted by 1946, which accounts for the pronouncement in paragraph two of the syllabus. Such holding is no longer important because the Legislature has specifically acted to "change the appellate jurisdiction."

Sections 2505.21 and 2505.23, Revised Code, became effective October 4, 1955 (126 Ohio Laws, 56, 58), and October 1, 1953 (Recodification Act of 1953), respectively. Both sections bear upon the matter of appellate jurisdiction, but Section 2501.02, Revised Code, effective October 4, 1955 (126 Ohio Laws, 56), and in its present form effective January 10, 1961 (129 Ohio Laws, 582, 742), contains the directions concerning ap-

peal particularly in point in the present case. The pertinent language is as follows:

"Upon an appeal upon questions of law to review, affirm, modify, set aside or reverse judgments or final orders * * *.

"Upon an appeal on questions of law and fact the Court of Appeals, in cases arising in courts of record inferior to the Court of Appeals within the district, shall weigh the evidence and render such judgment or decree as the trial court could and should have rendered upon the original trial of the case, in the following classes of actions, seeking as a *primary* and *paramount* relief:" (Emphasis added.)

Then follows the categories of the special classes of actions and the primary and paramount relief that is recognized may be sought. Paragraph (10) and the following paragraph read as follows:

"(10) Injunction, accounting, subrogation, or interpleader.

"In all cases not falling within the classes designated above the Court of Appeals shall have jurisdiction to proceed as in an appeal on questions of law only."

The General Assembly has acted. Specifically the statute authorizes appeal on questions of law and fact in certain types of cases. It clarifies the question as to trial *de novo* in the express language contained in the section in the words "shall weigh the evidence and render such judgment or decree as the trial court could and should have rendered upon the original trial of the case." The Court of Appeals *shall weigh* the evidence, obviously that evidence which was presented in the trial court since the Court of Appeals is to find as the trial court *could and should* have found. And still further the Court of Appeals shall enter *a judgment* or *a decree*.

In the case of *Hebden* v. *Hebden* (1957), 107 Ohio App., 184, and decision upon rehearing (1958), this court points out that: "In Section 2501.02, Revised Code, paragraph two, will be found authority to review final orders of courts of record inferior to the Court of Appeals." (page 186.) And in the next paragraph the language of the court, through Bryant, J., is as follows:

"In the paragraphs of Section 2501.02, Revised Code, starting with the third and continuing until the end of the section,

will be found a statement of cases in which appeal on questions of law and fact is permitted. * * *''

And in the decision on rehearing the language of Judge Bryant beginning on page 189 is in similar vein as are his comments distinguishing the situation at the time of the *Youngstown case, supra,* beginning at the bottom of page 190.

The Court of Appeals for Lorain County adopts the same view as in the *Hebden case, supra,* in its decision in *Baumhardt v. Mitchell, County Recorder* (1958), 105 Ohio App., 491.

Counsel for plaintiff-appellee, in their brief, call attention to the dissent and opinion of Judge Taft in the cases of *Bradford et al., Admrs.,* v. *Micklethwaite* (1955), 163 Ohio St., 301, and *Meyer* v. *Meyer* (1950), 153 Ohio St., 408. While this court may be inclined to agree with Judge Taft's proposition in the *Bradford case, supra,* that after January 1, 1945, there was ''no constitutional right to a retrial of the facts in the Court of Appeals'' it is not as easy to conclude that the General Assembly lacks the constitutional power to provide by statutory enactment amplification of that jurisdiction within the limits set, ''to review, affirm, modify, set aside, or reverse judgments or final orders * * *.''

In the *Meyer case, supra,* Judge Taft does express his disapproval of paragraph two of the syllabus in the *Youngstown case, supra,* which language counsel underlines. The clause that follows in the statement, not underlined, must not be overlooked. That language is significant also. Judge Taft says, concerning paragraph two of the syllabus: ''a majority of the members of this court adhere thereto.'' If counsel are correct in their assumption that the time is overripe for a new declaration, the Supreme Court should make it. As the matter now stands paragraph two of the syllabus reflects the attitude of the court, and the General Assembly has acted.

The motion of plaintiff-appellee to reduce this appeal to one of questions of law only is denied, and exceptions of plaintiff-appellee noted.

*Motion overruled.*

Duffy, P. J., Bryant and Troop, JJ., concur.

(Decided April 23, 1963.)

ON MOTION to present additional evidence.

*Per Curiam.* Appellant herein moves for leave to present additional evidence herein by application filed beyond rule on February 15, 1963.

Rule V (A), (3) of the Rules of the Courts of Appeals provides that the application shall briefly set out the subject matter of that evidence and the *reason* that it is in the interest of justice to hear it. With such requirement appellant has failed to comply.

It should be noted further that Section 2501.02, Revised Code, provides that the Court of Appeals "shall weigh the evidence and render such judgment or decree as the trial court could and should have rendered upon the original trial of the case, * * *." Such language directing this court to *"weigh the evidence"* and to do what the trial court *"could and should have"* done seems to preclude the introduction of new testimony even in the classes of actions seeking the primary and paramount relief set out in the section.

The application of appellant for leave to present additional evidence denied.

Leave having been denied appellant, the appellee's motion to strike becomes moot and the application to present evidence in rebuttal without point.

*Motion overruled.*

DUFFY, P. J., BRYANT and TROOP, concur.

(Decided June 4, 1963.)

ON MOTION for reconsideration.

*Per Curiam.* In support of a motion for reconsideration of a former order of this court overruling a motion for leave to present additional evidence, appellant relies upon Section 2505.21, Revised Code, and urges that Rule V of the Rules of Practice of the Courts of Appeals has been too rigidly applied.

The attitude of this court with respect to the several sections of the code dealing with the area of appellate review is contained in the opinion rendered April 23, 1963 (see page 271), overruling the motion of plaintiff-appellee to reduce this appeal to one on questions of law only. At page 273 in that opinion, the language is as follows:

"Sections 2505.21 and 2505.23, Revised Code, became effective October 4, 1955 (126 Ohio Laws, 56, 58), and October 1, 1953 (Recodification Act of 1953), respectively. Both sections bear upon the matter of appellate jurisdiction, but Section 2501.02, Revised Code, effective October 4, 1955 (126 Ohio Laws, 56), and in its present form effective January 10, 1961 (129 Ohio Laws, 582, 742), contains the directions concerning appeal particularly in point in the present case. * * *"

In view of the specifications, particularly set out, in Section 2501.02, Revised Code, with respect to appellate authority, which section is later in time, this court held, and still holds, that the requirements set out therein are controlling.

As to the other point urged by plaintiff-appellant, let it be said that it is devoutly to be hoped that no Court of Appeals, including this one, will ever become so "hard-nosed" in the application of its rules so as to defeat fundamental justice. It is hard to conceive that the Seventh District Court of Appeals, in *Union Sand & Supply Corp.* v. *Village of Fairport Harbor* (1960), 90 Ohio Law Abs., 599, in using the term "procedural" in contrast to the term "mandatory" is of the opinion that a rule of court can be so diluted as to a suggested procedure, that it can be followed if convenient and ignored if exacting. What they really said was (page 600) as follows:

"Clearly appellee is entitled to a reasonable time in which to brief its case after all the evidence is in."

With such a proposition we have no quarrel.

In the former ruling, to which this motion for reconsideration is directed, attention was called to the provision in Rule V (A), (3), concerning the application to present additional evidence, it requires that the movant "shall briefly set out the subject matter of such additional evidence and the reason that its admission is in the interest of justice."

This direct requirement appellant persists in avoiding, and it certainly is not met by vague implications of bad faith and

the mere assertion of certain reservations or omissions in the stipulations at the trial level.

The motion of defendant-appellant is denied and the former ruling adhered to and approved.

*Former judgment adhered to.*

DUFFY, P. J., BRYANT and TROOP, JJ., concur.