BERRY ET AL., APPELLANTS, *v.* McCOURT ET AL., APPELLANTS; BERRY ET AL., APPELLEES.

(No. 7066—Decided May 7, 1963.)

*Messrs. Lucas, Prendergast, Albright & Warren,* for plaintiffs-appellants.

*Messrs. Hamilton & Kramer,* for appellees Edward A. Berry, Girard P. Berry and Paul F. Berry.

*Messrs. Key, Butler, Harrison & Carlile,* for appellee Urban J. Berry.

*Per Curiam.* The sole question before the court at this time arises on a motion of defendants-appellees Edward A. Berry, Paul F. Berry and Girard A. Berry to dismiss the appeal in this case on questions of law and fact on the ground that this court has no jurisdiction to hear appeals on questions of law and fact and try cases *de novo.*

In the court below, the petition prays among other things that the court construe a certain deed of trust and determine the rights of the parties in connection therewith. Thus it would appear on the face of the record that this case is within the express provisions of Section 2501.02 (1), Revised Code, which

authorize appeals on questions of law and fact in cases involving "the construction or enforcement of a trust, including the enforcement or establishment of constructive or resulting trusts."

On the authority of the decision of this court in the case of *Board of Education of Jefferson Local School District* v. *Board of Education of Columbus City School District*, 119 Ohio App., 271, and authorities cited therein, the motion to dismiss will be, and hereby is, overruled.

Our attention has been called to a contrary holding upon this question in the case of *Buckeye Union Casualty Co.* v. *Braden*, 116 Ohio App., 348, decided by the Court of Appeals for Washington County. Upon proper application at the appropriate time, an order may be submitted to certify conflict existing between the *Braden case, supra,* and this case.

*Motion overruled.*

BRYANT, DUFFEY and TROOP, JJ., concur.

(Decided June 25, 1963.)

ON MOTION to certify.

BRYANT, J. On May 14, 1963, counsel for defendants-appellees Edward A. Berry, Paul F. Berry and Girard A. Berry filed a motion in this court asking this court to certify the record of this cause to the Supreme Court of Ohio for review and final determination for the reason that the judgment of this court entered on May 14, 1963, "is in conflict with a judgment pronounced on the same question by the Court of Appeals of the Fourth District (Washington County), being entitled *The Buckeye Union Casualty Company* v. *Braden et al.*, and reported in Volume 116, Ohio Appellate Reports, page 348."

This court, under date of May 7, 1963, in a *per curiam* opinion (page 288) in which it overruled a motion "to dismiss the appeal in this case on questions of law and fact on the ground that this court has no jurisdiction to hear law and fact appeals and try cases *de novo,*" said:

"Our attention has been called to a contrary holding upon

this question in the case of *Buckeye Union Casualty Co.* v. *Braden,* 116 Ohio App., 348, decided by the Court of Appeals for Washington County. *Upon proper application at the appropriate time, an order may be submitted to certify conflict existing between the Braden case, supra, and this case.*'' (Emphasis added.)

In the case of *Humphrys* v. *Putnam* (1961), 172 Ohio St., 456, the syllabus reads:

''An order of the Court of Appeals dismissing an appeal as one on questions of law and fact but retaining such appeal as one on questions of law, pursuant to the provisions of Section 2505.23, Revised Code, does not constitute a final order from which an appeal can be taken.''

The motion to certify for conflict will be overruled for the reason that the order overruling the motion to dismiss is not a final order, and the existence of a final order is a prerequisite to the authority of the Court of Appeals to certify a record in a conflict case. See *Bradford, et al., Admrs.,* v. *Micklethwaite* (1955), 163 Ohio St., 301, and *Schindler* v. *Standard Oil Co.* (1954), 162 Ohio St., 96. In the *Schindler case, supra,* the *per curiam* opinion reads in part as follows:

''The order of the Court of Appeals overruling the motion to dismiss the appeal did not determine the action and is not a final order or judgment from which an appeal may be taken. The existence of a final order is a prerequisite to the authority of the Court of Appeals to certify the record in a conflict case. Consequently, there is no final order and no valid certification of the record by the judges of the Court of Appeals.''

*Motion overruled.*

DUFFEY and TROOP, JJ., concur.