LOWMAN, APPELLEE, *v.* LOWMAN, APPELLANT.

(No. 4834—Decided February 21, 1955.)

*Messrs. Lane, Downing & DeMuth,* for appellee.
*Messrs. Cobourn, Yager, Notnagel, Smith & Beck,* for appellant.

Fess, J. This is an appeal on questions of law from an order of the Court of Common Pleas, Division of Domestic Relations, granting an allowance of temporary alimony in the sum of $10 per week and ordering the defendant to pay medical and hospital bills incurred by plaintiff, *pendente lite.*

Plaintiff filed her petition for divorce and alimony on July 23, 1954. On July 24, 1954, plaintiff filed a motion for allowance of child support, alimony and attorney fees, and on August 13, 1954, an order was entered requiring defendant to pay to plaintiff for support of their minor child the sum of $15 per week. That portion of the motion relating to alimony and attorney fees was continued. On August 11, 1954, the parties entered into a separation agreement with respect to division of property and under the terms thereof plaintiff released defendant from all obligations of future support. The parties further agreed that they would not in any manner incur or contract any debts on the credit of the other and that in the case of a hearing of the divorce action by either party,

neither would ask for either temporary or permanent alimony or make any claim for any interest in the property of the other. The agreement provided further that the division of property made therein should be in full satisfaction of all claims and demands as well as all rights of dower, inheritance and distribution. It was provided further that the amount to be paid for the support of their minor child would be paid in accordance with such order as might be made by the Common Pleas Court.

At the time the separation agreement was made, plaintiff was self-employed, but thereafter she became disabled as a result of an accident and incurred substantial medical and hospital expenses. On October 8, 1954, plaintiff filed a motion for an order granting her temporary alimony and to require defendant to pay medical and hospital bills *pendente lite*, and to increase the allowance for child support theretofore granted. This motion came on for hearing on October 14, 1954. In accordance with the usual practice incident to hearing applications for temporary alimony, the case was heard upon statements of counsel. Defendant objected to the allowance upon the ground that it was barred under the terms of the separation agreement which was introduced as a part of the record upon such hearing. Thereafter, on November 19, 1954, the order from which the appeal is taken was entered, requiring the defendant to pay to plaintiff $10 per week as temporary alimony from October 14, 1954, until the further order of the court, and, also, directing the defendant to pay the medical and hospital bills which had accrued as of October 14, 1954.

It is well established in Ohio that an order for temporary alimony *pendente lite* is not an appealable final order in the absence of a showing of abuse of discretion. Defendant contends that the failure of the court

to receive testimony incident to the granting or denial of the motion constitutes an abuse of discretion. As above indicated, the motion was heard upon statements of counsel in accordance with the usual practice of the court in determining preliminary matters in divorce actions. In our opinion, when the court made the allowance of temporary alimony and ordered the defendant to pay medical and hospital bills incurred subsequent to the execution of the separation agreement in disregard of such agreement, the entry of the order affected a substantial right of the defendant in a special proceeding. The motion to dismiss the appeal will, therefore, be overruled.

At the time *Meyer v. Meyer* was first before this court for decision, in an unreported opinion, we were of the opinion that the burden of showing a separation agreement to be fair, reasonable and just rested upon the party seeking to enforce the contract. We cited *In re Estate of Shafer*, 77 Ohio App., 105, 65 N. E. (2d), 902; and *Garver, Exr., v. Miller,* 16 Ohio St., 527, reached the conclusion on the appeal as one on questions of law that the defendant had failed to meet such burden, and affirmed the judgment of the court below granting alimony. Upon appeal, this court was reversed (*Meyer v. Meyer,* 153 Ohio St., 408, 91 N. E. [2d], 892) and the cause was remanded to this court for a trial *de novo* upon the equitable issue involving the validity of the separation agreement. Upon trial *de novo*, we held that "having due regard for the confidential relationship as husband and wife that then existed between the parties, their respective states of health, ability to earn and general financial statuses * * * the agreement was not fair, just and equitable to the plaintiff, and by reason thereof it should be set aside and held for naught." Having complied with the mandate of the Supreme Court, we remanded the cause

to the Common Pleas Court for further proceedings, including the allowance of alimony. The third and fourth paragraphs of the syllabus in *Meyer* v. *Meyer, supra,* read as follows:

"3. Where a party to such an agreement elects to avoid it, on the ground of fraud (other than 'fraud in the *factum*') or for a violation of 'the general rules which control the actions of persons occupying confidential relations with each other,' such party necessarily asks for and seeks equitable relief from the provisions of the agreement.

"4. Unless such an agreement is void for 'fraud in the *factum*,' such equitable relief must be granted before the allowance of alimony."

Prior to the enactment of the Husband and Wife Act (1887), the Supreme Court had sustained postnuptial separation agreements upon the principle that in the light of all the circumstances the contract was "fair, reasonable and just." *Bettle* v. *Wilson,* 14 Ohio, 257; *Thomas* v. *Brown,* 10 Ohio St., 247; *Garver, Exr.,* v. *Miller, supra.* Cf. *Hoagland* v. *Hoagland,* 113 Ohio St., 228, 234, 148 N. E., 585.

As pointed out in our recent decision in *Nellis* v. *Nellis, ante,* 247, under *Hoagland* v. *Hoagland, supra; Mendelson* v. *Mendelson,* 123 Ohio St., 11, 173 N. E., 615; and *Meyer* v. *Meyer, supra,* 415, a separation agreement is valid until such time as it may be found and determined that it violates the provisions of Section 3103.05, Revised Code, with respect to actions of persons occupying confidential relations with each other. As in the *Nellis* case, we, therefore, hold that the contract involved in the instant case is binding and enforcible between the parties and the court, until it has been determined upon proof in support of proper allegations that, by reason of either fraud or mistake or a violation of "the general rules which con-

trol the actions of persons occupying confidential relations with each other," it is invalid and unenforcible.

It may be contended that the instant case is to be distinguished from the *Nellis case* on the ground that in this case the application is for temporary alimony prior to the approval by the court of the separation agreement. But the Supreme Court in the *Meyer case* makes no exception in the principle therein announced regarding the allowance of temporary alimony. Nor is there any suggestion in the opinion that the agreement is ineffective until such time as it may be approved by a court. On the contrary, the Supreme Court said: "Thus, it cannot be said that the separation agreement is unenforcible until a court has determined that it is fair as between the parties. Rather, it must be said that the agreement is enforcible until a court has determined that it is not fair as between the parties." *Meyer* v. *Meyer, supra*, 416.

That an agreement may have been improvidently made to the detriment of a party is unfortunate, but, unless the evidence in support of setting it aside discloses fraud in the inducement or a violation of "the general rules which control the actions of persons occupying confidential relations with each other," it must be sustained and enforced.

We, therefore, reach the conclusion that the order from which the appeal is taken is a final order and must be reversed and the cause remanded to the Court of Common Pleas for further proceedings, without prejudice to the rights of the plaintiff, upon appropriate proceedings, to attack the validity of the separation agreement.

*Judgment reversed and cause remanded.*

Conn and Deeds, JJ., concur.