KELM, Appellant,

v.

KELM, Appellee.

[Cite as *Kelm v. Kelm* (1994), 93 Ohio App.3d 686.]

No. 93APF08–1213.

Court of Appeals of Ohio,
Franklin County.

Decided March 17, 1994.

*Schwartz, Kelm, Warren & Rubenstein* and *Russell A. Kelm,* for appellant.
*Abroms & Weisz, Hillard M. Abroms* and *Lora H. Cleary,* for appellee.

PEGGY BRYANT, Judge.

Plaintiff-appellant, Russell A. Kelm, appeals from an order of the Franklin County Court of Common Pleas, Division of Domestic Relations, confirming an arbitration award for temporary spousal and child support.

In 1982, prior to their marriage, plaintiff and defendant-appellee, Amy K. Kelm, entered into an antenuptial agreement containing an arbitration clause. On January 22, 1990, plaintiff filed for divorce. The parties subsequently engaged in protracted litigation on various substantive and procedural issues related to the antenuptial agreement. During the course of their litigation, the parties agreed on June 12, 1992, to dismiss an appeal in this court involving plaintiff's motion for an order staying all proceedings for temporary spousal and child support and compelling arbitration. On the same date, the parties filed an agreed entry in domestic relations court establishing a monthly amount for temporary spousal and child support to be paid by plaintiff pending the court's determination of other legal issues related to the antenuptial agreement's arbitration clause. The entry also included the following confidentiality provision:

" * * * [T]he payment or agreement to pay any sum as child support or alimony in the past will not be disclosed by either party or their counsel to the arbitrators in this matter and will not in any matter be a precedent for either party in further proceedings, whether by arbitration or litigation."

On December 31, 1992, the parties participated in an arbitration hearing before a panel of three arbitrators for the purpose of determining plaintiff's temporary spousal and child support obligations. Plaintiff asserts that during the course of that proceeding, defendant improperly revealed the amount of temporary spousal and child support plaintiff paid under the June 12, 1992 court entry. On June 22, 1993, the arbitration panel rendered a decision which awarded defendant temporary spousal and child support. Plaintiff asserted that the decision improperly

contained the signature of only the panel's chairperson, and that the decision was subsequently reissued on July 22, 1993 with the signatures of all the panel members. After holding confirmation hearings, the trial court confirmed the arbitration award on August 25, 1993. Plaintiff appeals therefrom, assigning the following two errors:

"I. The use of evidence barred from disclosure by court order and ex parte submission of evidence which an opposing party is unable to review warrants vacating an arbitration award.

"II. To be confirmed, an arbitration award and the confirmation submission must strictly comply with the requirements of the Ohio Arbitration Act."

In his two assignments of error, plaintiff seeks to vacate the temporary spousal and child support figure awarded by the arbitration panel because of alleged irregularities in the arbitration proceedings. We do not reach the merits of plaintiff's appeal, however, because this court is without jurisdiction over the matter.

Pursuant to Section 3(B)(2), Article IV of the Ohio Constitution, an appellate court has jurisdiction over final orders of a trial court. R.C. 2505.02 statutorily governs what constitutes a final appealable order, and provides:

"An order that affects a substantial right in an action which in effect determines the action and prevents a judgment, an order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment, or an order that vacates or sets aside a judgment or grants a new trial is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial."

■ Ordinarily, temporary spousal and child support orders are not final appealable orders. See *Daughtry v. Daughtry* (1973), 47 Ohio App.2d 195, 1 O.O.3d 275, 353 N.E.2d 641 (findings and recommendations of a referee concerning temporary alimony and support which are approved by the trial court do not constitute a final appealable order); see, also, *Sinclair v. Sinclair* (1954), 98 Ohio App. 308, 57 O.O. 347, 129 N.E.2d 311 (an order for temporary alimony is not a final appealable order); *Wisdon v. Wisdon* (1954), 97 Ohio App. 357, 56 O.O. 126, 125 N.E.2d 747; *McMahon v. McMahon* (1951), 156 Ohio St. 280, 46 O.O. 143, 102 N.E.2d 252 (an order for alimony *pendente lite* is not a final order); cf. *Lowman v. Lowman* (1955), 98 Ohio App. 254, 57 O.O. 284, 129 N.E.2d 213 (an order allowing temporary alimony and ordering husband to pay medical and hospital expenses of wife contrary to and in disregard of separation agreement is a final appealable order). Because a temporary support order is provisional in nature, subject to modification at any time, it does not determine the ultimate rights of the parties involved. *McMahon, supra,* 156 Ohio St. at 281, 46 O.O. at 143, 102 N.E.2d at 253.

In the present case, however, plaintiff seeks to challenge the trial court's confirmation of a temporary spousal and child support award rendered through an arbitration process. Under R.C. 2711.15, "[a]n appeal may be taken from an order confirming, modifying, correcting, or vacating an award made in an arbitration proceeding or from judgment entered upon an award." Thus, the issue is whether the process of arbitrating a dispute over temporary spousal and child support somehow converts an otherwise unappealable, interlocutory order into a final appealable one.

When R.C. 2505.02 and 2711.15 are construed *in pari materia*, an order made pursuant to R.C. 2711.15 must satisfy the requirements of R.C. 2505.02 to qualify as a final appealable order. *Stewart v. Midwestern Indemn. Co.* (1989), 45 Ohio St.3d 124, 126, 543 N.E.2d 1200, 1202. Three categories of final orders exist under R.C. 2505.02: (1) those that affect a substantial right, determine an action, and prevent a judgment, (2) those that affect a substantial right and are made in a special proceeding or on a summary application after judgment, and (3) those that set aside a judgment and grant a new trial. *Chef Italiano Corp. v. Kent State Univ.* (1989), 44 Ohio St.3d 86, 87–88, 541 N.E.2d 64, 67. Only the first two categories of orders are relevant to our present determination.

In order to be a final order under the first category, an order must affect a substantial right, determine the action, and prevent a judgment before it may be considered a final appealable order. R.C. 2505.02. If an order fails to satisfy any of these three criteria, it is not final. *Stewart, supra,* 45 Ohio St.3d at 126, 543 N.E.2d at 1202; *Bellaire City Schools Bd. of Edn. v. Paxton* (1979), 59 Ohio St.2d 65, 69–70, 13 O.O.3d 58, 61, 391 N.E.2d 1021, 1024. In the present case, the trial court's order confirming the arbitration panel's temporary spousal and child support award does not determine the action; the order merely provides financial support until the parties' divorce becomes final and permanent support is established. Any alleged mistakes or irregularities made in the process of calculating the temporary award can be remedied when the final support orders are issued and the ultimate rights of the parties determined.[1]

Under the second category of R.C. 2505.02, an order is final if it is made in a special proceeding and affects a substantial right. A special proceeding is an

---

1. In *Stewart,* when the Ohio Supreme Court construed R.C. 2505.02 in conjunction with R.C. 2711.15, it looked only at the first category of R.C. 2505.02 orders before determining that an order vacating an arbitration award and compelling the parties to select new arbitrators and conduct a new arbitration was not a final appealable order. Given the presence of two dissenting opinions arguing that the order therein was final under the second category of R.C. 2505.02, *Stewart* arguably can be read as holding that a court need only look at the first category of R.C. 2505.02 to determine whether a trial court order reviewing an arbitration

action created by statute and not recognized at common law or in equity. *Polikoff v. Adam* (1993), 67 Ohio St.3d 100, 616 N.E.2d 213. Arbitration actions qualify as special proceedings because arbitration was not recognized at common law or equity, and was legislatively provided for in R.C. Chapter 2711. Cf. *Stewart,* 45 Ohio St.3d at 128, 543 N.E.2d at 1203 (Douglas, J., dissenting). Despite satisfying the special proceeding requirement, the order appealed from herein does not *affect* a substantial right. An order affects a substantial right only if, in the absence of an immediate appeal, it forecloses appropriate relief in the future, *Bell v. Mt. Sinai Med. Ctr.* (1993), 67 Ohio St.3d 60, 63, 616 N.E.2d 181, 184, or prejudices one of the parties involved. *Cincinnati v. Pub. Util. Comm.* (1992), 63 Ohio St.3d 366, 368, 588 N.E.2d 775, 776–777. As noted previously, because the confirmation order appealed concerns only temporary support, any alleged errors in the underlying arbitration proceedings can be effectively remedied without prejudice to plaintiff when a final spousal and child support award is rendered.

Based on the foregoing, we conclude that the order of the trial court confirming the arbitration award for temporary spousal and child support is not a final appealable order under R.C. 2505.02, and accordingly we dismiss plaintiff's appeal for want of jurisdiction.

*Appeal dismissed.*

BOWMAN and DESHLER, JJ., concur.

---

award is final. Although potentially not required to do so, we nonetheless consider whether the trial court's order herein is appealable under the second category of R.C. 2505.02.