Defendant-appellant, Steven A. Galloway, appeals from an order of the Franklin County Court of Common Pleas, Division of Domestic Relations, denying his motion to be transported to court to be present for his divorce trial. Because the trial court's order is not final and appealable, this court suasponte dismisses the present appeal.
Defendant and plaintiff-appellee, Lisa Marie Galloway, were married in June of 1987 and have one surviving child from the marriage, Andrew, born in 1989. Plaintiff instituted divorce proceedings against defendant in July of 1997. At that time, and continuing to the present, defendant was serving a prison sentence for involuntary manslaughter, rape of a child less than thirteen years of age, and endangering children.
By motion filed June 23, 1998, defendant requested the trial court to order the warden of his institution to convey him to the courthouse so he could be present at his divorce hearing set for October 8, 1998. The motion was heard on July 16, 1998, and the trial court denied defendant's motion the same day. Defendant timely appeals, assigning the following error:
 THE COURT OF COMMON PLEAS DOMESTIC RELATIONS DIVISION ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT AND ABUSED ITS DISCRETION BY DENYING THE DEFENDANT-APPELLANT'S MOTION FOR AN ORDER REQUIRING THE WARDEN OF THE PENAL INSTITUTION WHERE DEFENDANT-APPELLANT IS INCARCERATED TO PRODUCE THE DEFENDANT-APPELLANT'S BODY AT COURT FOR TRIAL, THEREBY DEPRIVING DEFENDANT-APPELLANT OF HIS DUE PROCESS RIGHTS, CONSISTING OF THE ABILITY TO BE PRESENT IN COURT AT THE TIME OF TRIAL.
Although neither party raised the issue, before this court may reach the merits of defendant's appeal, we must determine whether the order denying defendant's motion to convey is a final appealable order. Chef Italiano Corp. v. Kent State Univ.
(1989), 44 Ohio St.3d 86, 87 (raising, sua sponte,
jurisdictional issue of final appealable order). An appellate court may entertain only those appeals which emanate from final judgments or orders. Noble v. Colwell (1989), 44 Ohio St.3d 92.
R.C. 2505.02(B) statutorily governs what constitutes a final appealable order. A number of the provisions of that section are plainly inapplicable. For example, the trial court's order denying defendant's request to be transported from prison does not determine the entire action in the present case, as the trial court did not rule on the ultimate issues of the action: divorce, child custody, child support, and the equitable division of property. See Shively v. Shively (Sept. 22, 1994), Franklin App. No. 94APF02-249, unreported (1994 Opinions 4491) (finding order which equitably divided marital property, allocated custody and awarded no spousal support not to determine the action because it did not rule on the issue of child support). The trial court's order thus is not a final appealable order under R.C. 2505.02(B)(1). Nor does the order vacate or set aside a judgment or grant a new trial under R.C.2505.02(B)(3), or determine the status of a class action suit under R.C. 2505.02(B)(5).
Similarly, the order does not grant or deny a provisional remedy under R.C. 2505.02(B)(4). While R.C. 2505.02(A)(3) defines a provisional remedy to include a matter ancillary to the divorce action, not all ancillary matters are final and appealable, given the limitations imposed under R.C.2505.02(B)(4)(a) and (b). As pertinent here, R.C.2505.02(B)(4)(b) requires in addition that the appealing party would be afforded no meaningful or effective remedy by an appeal following final judgment. Defendant does not meet that aspect of the two-prong requirement set forth in R.C.2505.02(B)(4)(a) and (b): if the trial court is later found to have erred in refusing to transport defendant to court for the divorce proceedings, its judgment would be reversed and defendant would be entitled to a new trial on the divorce complaint.
To be a final appealable order, then, the trial court's order must be one that affects a substantial right made in a special proceeding pursuant to R.C. 2505.02(B)(2). A special proceeding is an action created by statute and not recognized in common law or in equity. Polikoff v. Adam (1993), 67 Ohio St.3d 100,107; R.C. 2505.02(A)(2). "It is only the underlying action that is to be examined to determine whether an order was entered in a special proceeding, and not the order itself which was entered within that action." (Emphasis sic.) Walters v. TheEnrichment Ctr. of Wishing Well, Inc. (1997), 78 Ohio St.3d 118, 12 3. The underlying action in this case, an action for divorce, constitutes a special statutory proceeding under R.C.2505.02. State ex rel. Papp v. James (1994), 69 Ohio St.3d 373,379; Briggs v. Briggs (Jan. 23, 1997), Franklin App. No. 96APF11-1523, unreported (1997 Opinions 109). Because the trial court's order was made in a special proceeding, the remaining inquiry is whether the order affects a substantial right.
A substantial right is a "* * * legal right entitled to enforcement and protection by law[.]" In re Estate of Wyckoff
(1957), 166 Ohio St. 354, 358. An order affects a substantial right "only if, in the absence of an immediate appeal, [the order] forecloses appropriate relief in the future[.]" Kelm v.Kelm (1994), 93 Ohio App.3d 686, 691, citing Bell v. Mt SinaiMed. Ctr. (1993), 67 Ohio St.3d 60, 63. For an order to affect a substantial right, defendant must, as a threshold matter, establish that the right may not be vindicated on appeal after final judgment. "* * * A substantial right is not affected merely because an order has the immediate effect of restricting or limiting that right. Rather, a substantial right is affected when there is virtually no opportunity for an appellate court to provide relief on appeal after final judgment from an order that allegedly prejudiced a legally protected right." State v.Chalender (1994), 99 Ohio App.3d 4, 7.
Here, the trial court's order denied defendant's request to be transported to be present at his divorce hearing. As noted, nothing suggests defendant cannot obtain effective relief from that order after a judgment of divorce has been entered. Moreover, because the hearing has not yet occurred, defendant can still be represented at his divorce hearing by counsel who can protect and further defendant's interests.
Given the foregoing, the trial court's order is not final and appealable. Because defendant's appeal is not taken from a final appealable order, this court sua sponte dismisses the appeal.
Appeal dismissed.
BOWMAN and BROWN, JJ., concur.