OPINION
{¶ 1} Appellant, Judith A. DeVillers ("DeVillers"), appeals the judgment of the Franklin County Court of Common Pleas denying her motion for relief from a cognovit judgment.
{¶ 2} Appellee, Bank One, N.A. ("Bank One"), filed an action against DeVillers in the common pleas court on June 8, 2001, seeking a monetary judgment under the terms of a commercial guaranty ("guaranty") executed by DeVillers. Bank One alleged that Exco Company ("Exco") executed and delivered two promissory notes to it, one on April 13, 2000 ("the term note"), the other on July 10, 2000 ("the revolving note"). The term note was in the original principal amount of $1,077,000. The revolving note was in the amount of $2,500,000. Bank One also alleged that, as of March 12, 2001, Exco was indebted to it on an overdraft balance on account ("overdraft") in the amount of $32,806.58.
{¶ 3} Bank One alleged that Exco was in default on the notes and that Bank One has elected to declare the outstanding balances to be immediately due and payable.
{¶ 4} According to Bank One's complaint, "[n]ow due and owing" from Exco are: (1) on the term note, the sums of $841,655.21, plus interest, attorneys' fees and "other charges"; (2) on the revolving note, the sums of $1,266,384.54, plus interest, attorneys' fees and "other charges"; and (3) on the overdraft, the sum of $32,806.58, plus interest at the statutory rate.
{¶ 5} Bank One alleged that DeVillers executed the guaranty to induce it to make the loans to Exco and that DeVillers had guaranteed the prompt payment of all of Exco's obligations to Bank One.
{¶ 6} The guaranty (a copy of which was attached to the complaint), contains a warrant of attorney stating:
{¶ 7} "Guarantor hereby irrevocably authorizes and empowers any attorney-at-law, including an attorney hired by Lender, to appear in any court of record and to confess judgment against Guarantor for the unpaid amount of this Guaranty as evidenced by an affidavit signed by an officer of Lender setting forth the amount then due, attorneys' fees plus costs of suit, and to release all errors, and waive all rights of appeal. * * *"
{¶ 8} On June 8, 2001, an attorney filed an answer in which judgment was confessed against DeVillers in favor of Bank One. On the same day, the common pleas court rendered a cognovit judgment against DeVillers in accordance with the complaint's demands.
{¶ 9} The record undisputedly shows that the confession of judgment was not supported by an affidavit signed by an officer of Bank One.
{¶ 10} On June 29, 2001, DeVillers moved for relief from the cognovit judgment alleging, inter alia, that Bank One failed to comply with the terms of the warrant of attorney and that DeVillers has meritorious defenses to the complaint.
{¶ 11} In support of her motion, DeVillers submitted an affidavit from Robert Roach, the president of Exco, who averred that, as security for the loans, Exco had executed and delivered to Bank One a commercial security agreement granting Bank One a security interest in all of Exco's property, including equipment, inventory, supplies, accounts receivable, and retainage.
{¶ 12} Roach averred that on March 12, 2001, Exco filed a bankruptcy petition and that the reasonable value of Exco's collateral in the possession of Bank One was $4,200,000.
{¶ 13} Roach averred that Exco made a payment to Bank One on May 24, 2001, in the amount of $30,317.73
{¶ 14} Roach also averred that, since March 12, 2001, accounts receivable payments of approximately $60,000 had been paid to the bankruptcy trustee for the benefit of Bank One.
{¶ 15} Opposing DeVillers' motion for relief from judgment, Bank One contended that DeVillers had failed to set forth operative facts demonstrating a meritorious defense under Civ.R. 60(B). Bank One conceded, however, that it had failed to file an affidavit of one of its officers to support the confession of judgment but contended that it was not required to file such affidavit under R.C. 2323.13. Nevertheless, Bank One belatedly submitted the affidavit of David Mucklow, one of its officers, who averred the principal amounts owed by Exco on the term note, revolving note, and the overdraft. Mucklow also averred that all payments made by Exco were reflected in the amounts averred, including the $30,317.73 payment on May 24, 2001.
{¶ 16} On August 10, 2001, the common pleas court (trial court) filed a written decision denying in part DeVillers' motion for relief from judgment. In its decision, the trial court agreed that Bank One had failed to comply with the requirements of the guaranty by failing to file an affidavit prior to or contemporaneously with obtaining the judgment by confession. Nevertheless, the trial court found that Bank One's failure to file the affidavit did not affect the validity of the cognovit judgment. The trial court found that there was an issue as to whether Bank One had properly credited the May 24, 2001 payment and set that issue for hearing.
{¶ 17} On August 24, 2001, DeVillers moved for reconsideration of the trial court's August 10, 2001 decision. On September 28, 2001, the trial court filed an entry denying the motion for reconsideration.
{¶ 18} Following an October 9, 2001 hearing, the trial court entered an order on October 10, 2001, finding that Bank One had properly credited the payment. The trial court denied DeVillers' motion for relief from judgment.
{¶ 19} On November 2, 2001, DeVillers filed an appeal to this court from the October 10, 2001 order denying her relief from judgment.
{¶ 20} Preliminarily, we address Bank One's jurisdictional challenges to this appeal.
{¶ 21} Ordinarily, a motion for relief from judgment under Civ.R. 60(B) cannot be used as a substitute for a timely appeal of the underlying judgment. Richard v. Cuyahoga Cty. Commrs. (2000),89 Ohio St.3d 205; Manigault v. Ford Motor Co. (1999), 134 Ohio App.3d 402,412. Here, Bank One contends that DeVillers failed to file a timely notice of appeal from the cognovit judgment and that DeVillers' Civ.R. 60(B) motion was improperly filed as a substitute for a direct appeal. We disagree.
{¶ 22} If service of notice of a judgment is made within the three-day period of Civ.R. 58(B), the 30-day appeal period is deemed to have begun running on the date of judgment. App.R. 4(A); see Your Financial Community of Ohio, Inc. v. Emerick (1997), 123 Ohio App.3d 601,604. However, if an appellant is never served with notice of judgment as required by Civ.R. 58(B), the 30-day appeal period never begins to run. Id. Moreover, an appellant's actual knowledge of the judgment is insufficient to begin the running of the time for appeal in the absence of formal notice in compliance with Civ.R. 58(B). Whitehall ex rel. Fennessy v. Bambi Motel, Inc. (1998), 131 Ohio App.3d 734, 741.
{¶ 23} Here, the trial court never endorsed upon the cognovit judgment entered June 8, 2001, a "direction to the clerk to serve upon all parties * * * notice of the judgment and its date of entry upon the journal," as mandated by Civ.R. 58(B). While the record shows that service of summons by certified mail was obtained upon DeVillers on June 15, 2001, such service does not constitute compliance with Civ.R. 58(B). The record does not conclusively show that the trial court clerk ever served notice of the cognovit judgment and its date of entry upon the journal. Because the 30-day appeal period never began to run against DeVillers, her motion for relief from judgment was properly filed.
{¶ 24} Parenthetically, this court notes that R.C. 2323.13(C) provides:
{¶ 25} "Immediately upon entering any such judgment the court shall notify the defendant of the entry of the judgment by personal service or by registered or certified letter mailed to him at the address set forth in the petition."
{¶ 26} The record here also fails to show compliance with R.C. 2323.13(C). See Cuyahoga Scrap Salvage, Inc. v. Cuyahoga Scrap Metal, Salvage Machinery, Inc. (Mar. 15, 1990), Cuyahoga App. No. 56664. Bank One further contends that the trial court's August 10, 2001 decision was a final appealable order and that DeVillers failed to timely perfect an appeal therefrom. Bank One's contention lacks merit. The trial court's August 10, 2001 decision denied in part DeVillers' motion for relief from judgment. It also scheduled a hearing on the issue of whether Bank One properly credited a payment. The August 10, 2001 decision was obviously not a final appealable order.
{¶ 27} Pursuant to Section 3(B)(2), Article IV, of the Ohio Constitution, an appellate court has jurisdiction over final orders of a trial court. See Kelm v. Kelm (1994), 93 Ohio App.3d 686, 689. R.C. 2502.02 statutorily governs what constitutes a final appealable order. Id. While R.C. 2502.02 is a multi-faceted statute, Bank One fails to identify which part of the statute supports its assertion that the August 10, 2001 decision is a final appealable order. Bank One simply asserts that the decision is a final appealable order for purposes of R.C. 2502.02 because it is a "decision denying a motion for relief from judgment." That assertion fails to explain why Bank One feels that the decision is appealable under R.C. 2502.02.
{¶ 28} One category of final orders described under R.C. 2505.02
includes "[a]n order that affects a substantial right in an action that in effect determines the action and prevents a judgment." Clearly, the trial court's August 10, 2001 decision did not determine the action or prevent a judgment. It clearly left a final determination of DeVillers' Civ.R. 60(B) motion to a future time. Moreover, the trial court's August 10, 2001 decision was never treated as a final appealable order by the trial court. There was no endeavor to comply with the requirements of Civ.R. 58(B) that would begin the running of the 30-day appeal period.
{¶ 29} Turning now to the merits of this appeal, appellant presents six assignments of error, as follows:
{¶ 30} "1. The trial court erred in overruling defendant-appellant's motion for relief from judgment on the ground that a cognovit judgment should not have been granted because the trial court exceeded the authority conferred by the warrant of attorney.
{¶ 31} "2. The trial court erred in overruling defendant-appellant's motion for relief from judgment on the ground that a cognovit judgment should not have been granted without a specific amount for attorney's fees as required by the warrant of attorney.
{¶ 32} "3. The trial court erred in overruling defendant-appellant's motion for relief from judgment on the ground that the trial court erred in granting a cognovit judgment that exceeded the power conferred by the warrant of attorney by granting judgment for `other charges.'
{¶ 33} "4. The trial court erred in failing to grant defendant-appellant's motion for relief from judgment because the defendant-appellant did not receive the benefit of a payment made prior to the judgment and the judgment is for an amount greater than owed plaintiff-appellee.
{¶ 34} "5. The trial court erred in failing to grant defendant-appellant's motion for relief from judgment because the defendant-appellant did not receive the benefit of the value of collateral in the possession of and in the process of being sold by plaintiff resulting in a judgment for an amount greater than owed plaintiff-appellee.
{¶ 35} "6. The trial court's refusal to grant defendant-appellant relief from the cognovit judgment violates Section 16, Article One [sic.] of the Ohio Constitution and the Fourteenth Amendment to the Federal Constitution."
{¶ 36} Appellant's first assignment of error, which we sustain, is dispositive of this appeal.
{¶ 37} R.C. 2323.13 provides that an attorney who confesses judgment must produce the warrant of attorney to the court at the time of making such confession. Warrants of attorney to confess judgment are to be strictly construed against the person in whose favor the judgment is given, and court proceedings based on such warrants must conform in every essential detail with the statutory law governing the subject. Lathrem v. Foreman (1958), 168 Ohio St. 186, 188. In order for a cognovit judgment to be valid, the terms of the note itself must be sufficient to facially support the judgment for which confession is made. Gunton Corp. v. Banks, Franklin App. No. 01AP-988, 2002-Ohio-2873, at ¶ 29. Likewise, where an understanding of the material terms of a note requires reference to other documents referred to in the note, the supporting documents must be submitted in order to obtain a valid cognovit judgment. Citizens Fed. S. L. Assn. of Dayton v. Core Investments (1992), 78 Ohio App.3d 284. (This court voided a cognovit judgment where the bank failed to attach the Security Instrument and Rider referred to in the promissory note.)
{¶ 38} Construing the warrant of attorney here strictly against Bank One, it is clear that submission of an affidavit signed by an officer of Bank One was a precondition to its obtaining a cognovit judgment. Lathrem, supra.
{¶ 39} Here, the trial court correctly held that the guaranty, by its terms, requires Bank One to submit the affidavit prior to obtaining judgment. However, the trial court incorrectly held that the failure to file the affidavit prior to obtaining judgment did not affect its validity.
{¶ 40} Bank One's failure to submit the affidavit of one of its officers prior to obtaining the cognovit judgment voids the judgment. Because the cognovit judgment here was void ab initio, Bank One's subsequent filing of the Mucklow affidavit was of no effect. Gunton Corp., supra. DeVillers moved for relief from judgment under Civ.R. 60(B). Ordinarily, in a motion to vacate a cognovit judgment under Civ.R. 60(B), it is necessary for the movant to satisfy all three prongs set forth in the case of GTE Automatic Electric v. ARC Industries (1976), 47 Ohio St.2d 146, which includes the existence of a meritorious defense. Here, the trial court, after hearing, in essence denied the Civ.R. 60(B) motion on grounds that DeVillers did not have a meritorious defense. However, the cognovit judgment entered here is void and invalid even in the absence of grounds for relief under Civ.R. 60(B). Gunton Corp., supra. A Civ.R. 60(B) analysis was unnecessary. Ohio courts possess inherent authority to vacate void judgments, even in the absence of grounds for relief under Civ.R. 60(B). Patton v. Diemer (1988),35 Ohio St.3d 68, paragraph four of the syllabus; Natl. Laundry Equipment, Inc. v. Mow Mow, Inc. (Dec. 19, 1995), Franklin App. No. 95AP-254.
{¶ 41} For the foregoing reasons, appellant's first assignment of error is sustained which renders moot appellant's remaining five assignments of error. The judgment of the Franklin County County Court of Common Pleas is reversed, and this cause is remanded to that court for further proceedings in accordance with law and consistent with this opinion.
Judgment reversed and cause remanded.
TYACK, P.J., and DESHLER, J., concur.