**2026 UT App 28**

# THE UTAH COURT OF APPEALS

CAROL A. FUNK,
Appellant,
*v.*
SAMUEL S. FUNK,
Appellee.

Per Curiam Opinion
No. 20251383-CA
Filed February 26, 2026

Third District Court, Salt Lake Department
The Honorable Laura Scott
No. 174905083

J. Ramzi Hamady and Kayla Hope Quam, Attorneys
for Appellant

Carol A. Funk, Appellant Pro Se

Daniel B. Garriott, Attorney for Appellee

Before JUDGES DAVID N. MORTENSEN, RYAN M. HARRIS, and
AMY J. OLIVER.

PER CURIAM:

¶1 Carol A. Funk appeals from the district court's November 7, 2025, Ruling and Order Granting Respondent's Motion to Confirm Temporary Award Issued by Arbitrator. This matter is before the court on its own motion for summary disposition based on lack of jurisdiction due to the absence of a final, appealable order.

¶2    The parties to this case were divorced in 2017. On May 12, 2025, Carol[1] filed a petition to modify the divorce decree, indicating her desire to relocate to California and requesting that she be awarded sole physical custody and be made the sole decision-maker concerning the schooling of her and Samuel's two minor children. Samuel filed a counterpetition to modify, also seeking the sole custody of the children and decision-making authority concerning the children's schooling. The parties agreed to submit their dispute to arbitration and entered into an arbitration agreement on June 3, 2025. Among the issues the parties agreed to have decided by the arbitrator was a temporary decision concerning where one of the children would attend school pending resolution of the petition and counterpetition.

¶3    On July 30, 2025, the parties participated in an evidentiary hearing before the arbitrator on the specific issue of where that child would attend school during the pendency of the case. The hearing did not address issues of custody or parent-time. The arbitrator ultimately determined that the child should remain at his current school until resolution of the petitions.

¶4    Carol then returned to court and filed a motion for a temporary restraining order and a temporary award of physical custody. The domestic relations commissioner recommended that the motion be denied, and Carol filed an objection with the district court, which was overruled on October 22, 2025. Meanwhile, Samuel filed a motion to confirm the temporary award of physical custody issued by the arbitrator. The court issued an order on November 7, 2025, granting Samuel's motion, and Carol now appeals from that order.

---

1. Because the parties share the same last name, we follow our normal practice and refer to them by their first names, with no disrespect intended by the apparent informality.

¶5     Generally, this court does not have jurisdiction to consider an appeal unless it is taken from a final judgment or order. *E.g.,* *Loffredo v. Holt*, 2001 UT 97, ¶ 10, 37 P.3d 1070. An order is final only if it disposes of the case as to all parties and "finally dispose[s] of the subject-matter of the litigation on the merits of the case." *Bradbury v. Valencia*, 2000 UT 50, ¶ 9, 5 P.3d 649 (cleaned up).

¶6     If the order Carol appeals from had been entered following a court's order on a motion for temporary orders pending the outcome of domestic litigation, that order would not be considered final and appealable because it would not have disposed of all issues in the litigation. In this specific instance, the arbitrator's order resolved only where one of the couple's children "will go to school on a temporary basis until the custody evaluation can be completed and the petitions to modify changing custody can be decided." Thus, the order was temporary in nature and did not fully resolve all issues related to the competing petitions to modify. Accordingly, numerous issues remain to be resolved by the arbitrator.

¶7     Carol contends that despite the temporary nature of the order, and despite the fact that other issues raised in the petitions to modify have not yet been resolved, the district court's order confirming the arbitrator's temporary award is final and appealable under the Uniform Family Law Arbitration Act (the Act). *See* Utah Code § 81-15-123(1)(c). As relevant here, the Act states that "[a]n appeal may be taken under this chapter from . . . an order confirming or denying confirmation of an award." *Id.* But contrary to Carol's argument, this provision does not transform a normally unappealable order into an appealable one when further issues remain to be resolved pursuant to the arbitration agreement.

¶8     To ascertain the meaning of the statute, we examine it "in harmony with other statutes in the same chapter and related

chapters." *LPI Servs. v. McGee*, 2009 UT 41, ¶ 11, 215 P.3d 135 (cleaned up). Moreover, "effect must be given, if possible, to every word, clause and sentence of a statute. No clause, sentence or word shall be construed as superfluous, void or insignificant if the construction can be found which will give force to and preserve all the words of the statute." *Penunuri v. Sundance Partners, Ltd.*, 2011 UT App 183, ¶ 9, 257 P.3d 1049 (cleaned up). "We therefore seek to give effect to omissions in statutory language by presuming all omissions to be purposeful." *Marion Energy, Inc. v. KFJ Ranch P'ship*, 2011 UT 50, ¶ 14, 267 P.3d 863.

¶9      Here, the Act specifically discusses—in different sections—both confirmation of "temporary award[s]," Utah Code § 81-15-110, and confirmation of "award[s]," *id.* § 81-15-115. Thus, because the statute differentiates between the two terms, we must assume that the terms have different meanings. *See Penunuri*, 2011 UT App 183, ¶ 9. And under the Act, only orders "confirming or denying confirmation of an *award*" are immediately appealable as of right. *See* Utah Code § 81-15-123(1)(c) (emphasis added). Indeed, the provision of the Act that governs appeals lists six different categories of orders that are appealable as of right, and orders confirming *temporary* awards are not on that list. *Id.* § 81-15-123(1). We thus conclude that, under the governing statutory text, orders confirming or denying confirmation of an *award* are appealable, but orders confirming a *temporary award* pending further arbitration are not. This conforms not only with practice concerning similar orders issued by a district court, but it also conforms with decisions from other jurisdictions interpreting similar statutes. *See, e.g.*, *Kelm v. Kelm*, 639 N.E.2d 842, 844–45 (Ohio Ct. App. 1994) (recognizing a lack of appellate jurisdiction to review an order confirming an arbitration award for temporary spousal and child support because the order was not final and appealable even though the applicable statute stated that "an appeal may be taken from an order confirming, modifying, correcting, or vacating an award made in an arbitration

proceeding or from judgment entered upon an award" (cleaned up)).

¶10 Thus, because the Act does not allow for immediate appeals of district court orders confirming a temporary award made by an arbitrator pending resolution of all issues submitted to the arbitrator, this court lacks jurisdiction to hear Carol's appeal and must therefore dismiss it. *See Loffredo v. Holt*, 2001 UT 97, ¶ 11, 37 P.3d 1070.

¶11 Accordingly, Carol's appeal is dismissed without prejudice to the filing of a subsequent appeal after the district court enters a final, appealable order.

_____